Fboessel, J.
Each of the defendants in these four cases was convicted, after trial, of misdemeanors relating to book-making (Penal Law, §§ 986, 986-b). Each defendant urges that his conviction must be reversed because his constitutional rights were violated by the arresting officer’s alleged illegal search and seizure, and the introduction against him of evidence obtained thereby. In each case the arresting officer acted without benefit of a search or arrest warrant, and unless the search be found to *94 be incident to a lawful arrest, it would be illegal (Johnson v. United States, 333 U. S. 10, 15; People v. Loria, 10 N Y 2d 368, 373).
Section 177 of the Code of Criminal Procedure which sets forth the standard for a lawful arrest is clear and unambiguous. It authorizes an arrest for a misdemeanor only if the crime is committed in the arresting officer’s presence. The lawfulness of the arrest does not depend upon the officer’s suspicions, or even upon a reasonable belief on his part that a crime has been committed. In this respect the statute distinguishes between an arrest for a misdemeanor and an arrest for a felony. Unless the misdemeanor is committed in the officer’s presence, he is not privileged to arrest the defendant, and evidence thereafter obtained as the result of a search is inadmissible (Mapp v. Ohio, 367 U. S. 643; People v. Moore, 11 N Y 2d 271). As we wrote in People v. Loria (10 N Y 2d 368, 373, supra), the legality of the arrest ‘‘ cannot be based upon evidence obtained as a result of the search, when the validity of the search itself depends upon the legality of the arrest ”.
In each of these cases the evidence was insufficient to justify an arrest. In People v. Caliente the defendant was handed, in addition to paper money, paper slips, the nature of which was completely unknown to the arresting officer. The mere act of accepting such money and pieces of paper, without more, does not constitute a crime. In People v. Sessa we find no controlling distinction from the facts in the Caliente case.
In People v. Perlman and Bernstein a police officer called a telephone number and placed a number of bets on race horses and baseball games; he did not know with whom he was talking at the time. Thereafter he went across the street to certain premises and stationed himself outside a room in which was located the telephone which he had called. He stuck a pencil through a mail slot in the door, and saw and heard the defendants conversing over the telephone about placing bets. He then entered the room with a passkey, furnished him by the building superintendent, placed the defendants under arrest, and thereupon made a search. The fact that, prior to the time the police officer penetrated the mail slot and entered the premises as aforesaid, he had placed bets over the telephone with persons *95 then unknown, did not justify the entry and the arrest. (See, e.g,, Johnson v. United States, 333 U. S. 10, 15, supra.)
In People v. Cognetta and Grecco the officer stationed himself outside a store, from within which he heard telephone conversations indicating bets were being placed on horse races and foot ball games. The store door was closed and locked. The officer climbed through the transom and entered the store, observed the defendants and placed them under arrest. This evidence was insufficient to authorize a search as an incident to a lawful arrest, since before entering the premises the officer did not know the identities of those to be charged or arrested. (See Johnson v. United States, supra.)
While it may well be true that the officers had probable cause to suspect that the defendants arrested had committed a crime, this does not meet the statutory test as provided in section 177. We are not unmindful of the difficulties the People face in obtaining evidence to establish violations under the Penal Law in cases such as this, but our conclusion here is dictated as a result of Mapp v. Ohio (supra), and by section 177 of the Code of Criminal Procedure, as it now stands, which does not permit, under the circumstances presented by these cases, an arrest without a warrant for a misdemeanor, as such statute provides in eases of felonies.
Accordingly, the judgments should be reversed, the complaints dismissed, and the fines remitted.