■ In the Matter of DONALD R. COLE, Petitioner, v NEW YORK STATE DEPARTMENT OF EDUCATION et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to subdivision 4 of section 6510-a of the Education Law) to review a determination of the Commissioner

of Education which revoked petitioner's license to practice as a physician in New York State. Petitioner, a physician authorized to practice medicine in New York State, was charged with practicing the profession fraudulently; with gross incompetence; with gross negligence on a particular occasion; with negligence or incompetence on more than one occasion; with selling, administering or causing to be administered unapproved drugs, medications and substances; and with failing to maintain accurate records concerning the treatment of patients. Although these charges concerned petitioner's treatment of nine patients, the charges as to one of these patients were dropped. The Board of Regents ultimately concluded that the charges were not sustained as concerned one of the eight remaining patients but that petitioner was guilty of all other charges and voted to revoke petitioner's license to practice as a physician. The Commissioner of Education thereafter ordered the revocation of petitioner's license and this proceeding to review the commissioner's determination ensued. Initially, petitioner contends that there is a lack of substantial evidence to support the determination. We disagree. The charges against petitioner centered around his treatment of terminally ill cancer patients all of whom died after treatment by petitioner. Evidence was submitted at the hearing indicating that petitioner utilized investigational drugs or substances without the approval of the Food and Drug Administration or the administration of the hospital where the patients were treated; that required protocols for the use of these substances were not filed by petitioner; that a physician under petitioner's supervision administered these substances to patients and under petitioner's direction did not record their use on the patients' charts but in a private notebook using code words; and that petitioner offered certain patients unrealistically high chances of remission or cure. Although several patients were involved, the evidence submitted concerning one of these patients is illustrative. The father of one of petitioner's patients testified that his son had a cancerous tumor of the brain that had spread to the spinal cord; that while his son was being treated at Sloan Kettering Memorial Hospital he went to see petitioner who told him that at Sloan Kettering his son had no chance but with petitioner he would have a chance, he could cure him, and a patient with a similar condition had come to petitioner's hospital paralyzed and walked away from the hospital; that his son received laetrile while under petitioner's care; and that the father obtained other drugs which petitioner agreed to administer to the child. There was evidence submitted indicating that no administration of laetrile was recorded concerning this child and physicians testified that petitioner's treatment of the child was incompetent. From our review of the record we find substantial evidence to support the determination. While petitioner takes issue with certain evidentiary rulings, hearings of this nature are excluded from the strict application of the rules of evidence (*Matter of Bueno v Ambach,* 82 AD2d 935, 936) and his reliance upon criminal cases is misplaced since such cases are inapplicable to administrative hearings in which different rules apply (*Matter of Gattner v Whalen,* 71 AD2d 712, 714). We reject petitioner's contention that he was denied due process of law because members of the same agency acted as adjudicators, prosecutors, investigators and witnesses (*Matter of Beres & Sons Dairy v Barber,* 75 AD2d 930, affd 52 NY2d 1026). We have examined petitioner's remaining arguments and find them unpersuasive. The determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.