■ In the Matter of R & D Equipment Leasing Company, Inc., Petitioner, v Patricia B. Adduci, as Commissioner of the New York State Department of Motor Vehicles, Respondent. [632 NYS2d 332] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating Vehicle and Traffic Law § 385 (9).

On July 10, 1991, petitioner, the registered owner of a three-axle dump truck, was charged with two violations of the Vehicle and Traffic Law. State Police inspection of the truck revealed that the weight being carried exceeded the maximum allowed by an overweight permit issued to petitioner by the

New York City Department of Transportation. After a hearing, one of the charges was sustained and petitioner was fined accordingly. The conviction and penalty were upheld by the Appeals Board of the Department of Motor Vehicles, and this proceeding ensued.

There is no merit to defendant's contention that issuance of a traffic summons to the truck's operator did not confer personal jurisdiction over the corporation. Having appeared by its authorized attorney and contested the matter on the merits, without registering any objection to respondent's exercise of jurisdiction, petitioner waived its right to raise that issue at this juncture (*see, Skyline Agency v Ambrose Coppotelli, Inc.*, 117 AD2d 135, 140; *cf., Matter of United States Power Squadrons v State Human Rights Appeal Bd.*, 84 AD2d 318, 325, *affd* 59 NY2d 401).

Equally unpersuasive is petitioner's argument that the inspecting officer lacked authority to stop the truck. The officer's observations—that the truck was fully loaded, that the tires on both sides were bulging excessively, and that the rear of the truck was lower than the front, placing undue strain on the engine—gave him ample "reason to believe" that the truck was carrying an unlawful load, satisfying the statutory prerequisite for stopping the vehicle to weigh it (*see*, Vehicle and Traffic Law § 393), as well as the constitutional mandate that there be " 'specific and articulable facts' " to justify a vehicle safety stop (*see, People v Ingle*, 36 NY2d 413, 420, quoting *Terry v Ohio*, 392 US 1, 21). The stop being proper, the evidence it generated, namely, that petitioner's truck was being operated with a total weight on the two rear axles of 61,400 pounds, despite the permit limit of 58,000 pounds, was properly considered by the Administrative Law Judge and by respondent.

Meritless also is petitioner's claim that the hearing evidence does not establish the charged violation. Given the evidentiary standards applicable to administrative proceedings, respondent's reliance upon photocopies of two certification documents, dated April 23, 1991 and October 17, 1991, respectively, to establish the scales' accuracy was not error (*see, Matter of Cole v New York State Dept. of Educ.*, 94 AD2d 904, 905, *lv denied* 60 NY2d 556; *see also*, State Administrative Procedure Act § 306 [1], [2]). Inasmuch as petitioner presented no evidence to the contrary, this showing that the scales were accurate, to within a tolerance of 2%, shortly before and shortly after the date in question, coupled with the inspecting officer's testimony that he was trained to operate the scales and did so correctly when weighing petitioner's truck, and that the weight on the two

axles was clearly excessive, provides sufficient support for respondent's determination (see, Matter of Solomon Oliver Contr. Corp. v Adduci, 201 AD2d 979; cf., People v Delta Carting Corp., 136 Misc 2d 268, 271).

Those of petitioner's other arguments that were raised at the administrative level and, hence, are properly before us, have been considered and found wanting.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.