■ In the Matter of ANTHONY GRACE & SONS, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [698 NYS2d 269] —Proceeding pursuant to CPLR article 78 to review, *inter alia,* a determination of the Appeals Board of the Administrative Adjudication Bureau of the respondent New York State Department of Motor Vehicles, dated March 18, 1998, affirming a decision of an Administrative Law Judge of the Department of Motor Vehicles, dated December 5, 1996, which, after a hearing, found that the petitioner violated Vehicle and Traffic Law § 401 (7) (F) (b) and New York City Traffic Rule 4-15 (b) (9) (34 RCNY 4-15 [b] [9]), and imposed a penalty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

" 'It is well settled that judicial review of a determination rendered by an administrative body after a hearing is limited

to whether that determination is supported by substantial evidence upon the entire record' " (*Matter of Dienna v Appeals Bd.,* 262 AD2d 409; *Matter of Liuzzo v State of N. Y. Dept. of Motor Vehicles Appeals Bd.,* 209 AD2d 618; *see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Jones v Hudacs,* 221 AD2d 531, 532). "A reviewing court may not weigh the evidence or reject the choice made by the Hearing Officer where there is conflicting evidence and room for choice exists" (*Matter of McQueeney v Dutchess County Sheriff,* 223 AD2d 710, 711).

The determination that there was clear and convincing evidence (*see,* Vehicle and Traffic Law § 227 [1]; *Matter of Pernick v New York State Dept. of Motor Vehicles,* 217 AD2d 630) that the petitioner violated Vehicle and Traffic Law § 401 (7) (F) (b) and New York City Traffic Rule 4-15 (b) (9) (34 RCNY 4-15 [b] [9]) is supported by substantial evidence, and there is no reason to disturb it.

We note that at an administrative hearing, the Administrative Law Judge "need not observe the rules of evidence observed by courts" (State Administrative Procedure Act § 306 [1]; *see, Matter of R & D Equip. Leasing Co. v Adduci,* 220 AD2d 900, 901), and the petitioner's "reliance upon criminal cases is misplaced since such cases are inapplicable to administrative hearings in which different rules apply" (*Matter of Cole v New York State Dept. of Educ.,* 94 AD2d 904, 905). Bracken, J. P., Altman, Friedmann and H. Miller, JJ., concur.