■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERSON MIRIN, Appellant. [721 NYS2d 59] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered August 6, 1998, convicting him of criminal possession of a weapon in the third degree under Indictment No. 2934/97, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court also rendered August 6, 1998, revoking a sentence of probation

previously imposed by the same court under Superior Court Information No. 2393/97, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his prior conviction of attempted robbery in the third degree. The appeal brings up for review the denial, after a hearing (McDonald, J.), of that branch of the defendant's omnibus motion under Indictment No. 2934/97 which was to suppress physical evidence.

Ordered that the judgment and amended judgment are reversed, on the law, the plea is vacated, that branch of the omnibus motion which was to suppress physical evidence is granted, Indictment No. 2934/97 is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50, and for further proceedings under Superior Court Information No. 2393/97.

On August 16, 1997, Police Officer Errol Wedra and his partner, Officer Liberato, were in plainclothes operating an unmarked patrol car while assigned to the street crime unit. The officers' tour began at 5:30 P.M. At about 1:20 A.M., while driving on 32nd Avenue in Queens, Wedra decided to start taxi cab safety checks. Without any direction from his commanding officer or any other supervisory officer, Wedra decided to stop every third occupied taxi cab. After about 10 minutes, a taxi cab containing the defendant and another passenger, Aicardo Llamosa, passed. According to Wedra, it was the third occupied taxi cab that passed. The officers pulled up behind the taxi cab and stopped it. The passenger compartment was illuminated by the high beam lights of the patrol vehicle, and the officers observed the defendant, who was seated behind the driver's seat, and Llamosa looking from side to side. As he approached the rear of the taxi cab, Wedra observed the defendant lean to his left, reach to his waist with his right hand, and then move forward. Wedra drew his gun and the officers ordered the passengers to put their hands up. After the passengers had been removed from the taxi cab, Wedra saw a handgun on the floor of the cab, behind the driver's seat. The defendant was arrested and charged with criminal possession of a weapon. The defendant filed an omnibus motion, *inter alia*, to suppress the gun as the product of an illegal stop and search. The hearing court denied the motion. We reverse based upon the later Court of Appeals decision in *Matter of Muhammad F.* (94 NY2d 136) and the companion case, *People v Boswell* (94 NY2d 136).

Just as in *Muhammad F.* (*supra*) the stop in this case is unconstitutional. Although the governmental interest of protect-

ing taxi cab drivers is important, any benefit is outweighed by the lack of evidence regarding the effectiveness of this procedure as opposed to other, less discretionary, procedures, and by the intrusive nature of the stop (*see, Matter of Muhammad F., supra,* at 146-148).

Since the defendant's violation of probation was based on his conviction of criminal possession of a weapon in the third degree, the amended judgment must also be reversed. Ritter, J. P., Altman, H. Miller and Schmidt, JJ., concur.