■ In the Matter of MASPETH AVENUE OPERATING CORPORATION, Petitioner, v RAYMOND P. MARTINEZ, Respondent. [767 NYS2d 868]—

Proceeding pursuant to CPLR article 78 to review a determi-

nation of the New York State Department of Motor Vehicles dated March 4, 2002, which confirmed the findings of an Administrative Law Judge, made after a hearing, that the petitioner violated New York City Traffic Rules and Regulations 34 RCNY § 4-15 (b) (9) and (10), and Vehicle and Traffic Law § 401 (7) (F) (b), and imposed a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

"It is well established that in order to annul an administrative determination, made after a hearing, the court must be satisfied, after reviewing the record as a whole, that the record lacks substantial evidence to support the determination" (*Matter of Siano v Dolce*, 256 AD2d 582 [1998]). "A reviewing court may not weigh the evidence or reject the choice made by the Hearing Officer where there is conflicting evidence and room for choice exists" (*Matter of McQueeney v Dutchess County Sheriff*, 223 AD2d 710, 711 [1996]).

The testimony of the traffic enforcement agent who issued the summonses regarding the location of the weighing site and his training, accompanied by certificates establishing the accuracy of the devices he used in weighing the petitioner's vehicle, provided a sufficient basis for the determination of the Administrative Law Judge (*see Matter of Ferrara Equip. v Martinez*, 305 AD2d 411, 412 [2003]; *Matter of Scara-Mix, Inc. v Martinez*, 305 AD2d 418 [2003]; *Matter of R & D Equip. Leasing Co. v Adduci*, 220 AD2d 900 [1995]; *Matter of Solomon Oliver Contr. Corp. v Adduci*, 201 AD2d 979 [1994]; *see also Matter of DeOliveira v New York State Dept. of Motor Vehs.*, 271 AD2d 607 [2000]). As the determination is supported by substantial evidence, we decline to disturb it.

The petitioner's remaining contentions are without merit. Smith, J.P., McGinity, Luciano and Townes, JJ., concur.