■ In the Matter of CLINTON AVENUE CONSTRUCTION CORP., Appellant, v RAYMOND P. MARTINEZ, Respondent. [777 NYS2d 688]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the New York State Department of Motor Vehicles, dated May 28, 2002, confirming the findings of an administrative law judge, made after a hearing, that the petitioner violated New York City Traffic Rules (34 RCNY) § 4-15 (b) (9), (10), and imposing a fine of $8,750.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

It is well established that to annul an administrative determination made after a hearing, the court must be satisfied, after reviewing the record as a whole, that it lacks substantial evidence to support the determination (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]; *Matter of Scara-Mix, Inc. v Martinez*, 305 AD2d 418 [2003]; *Matter of Casalino Interior Demolition Corp. v State of N.Y. Dept. of Motor Vehs. Traffic Violations Bur. Appeals Bd.* , 261 AD2d 615 [1999]). A reviewing court will not undertake the functions of weighing evidence and assessing credibility, as those matters are committed to the administrative law judge (*see Matter of Grace & Sons v New York State Dept. of Motor Vehs.*, 266 AD2d 456 [1999]).

The testimony of the traffic enforcement agent who issued the summonses regarding the location of the weighing site and his training, accompanied by certificates establishing the accuracy of the devices he used in weighing the petitioner's vehicle, provided sufficient basis for the determination of the administrative law judge (*see Matter of Scara-Mix, Inc. v Martinez, supra; Matter of R&D Equip. Leasing Co. v Adduci*, 220 AD2d 900 [1995]; *see also Matter of DeOliveira v New York State Dept. of Motor Vehs.*, 271 AD2d 607 [2000]). As the deter-

mination is supported by substantial evidence, we decline to disturb it.

Contrary to the petitioner's contention, it waived its jurisdictional objections when it appeared and participated in the hearing on the merits (see Matter of United States Power Squadrons v State Human Rights Appeal Bd., 84 AD2d 318 [1981], affd 59 NY2d 401 [1983]). In any event, administrative proceedings are not governed by the service requirements of the CPLR and, thus, service of the tickets upon the vehicle's driver was sufficient to confer personal jurisdiction over the petitioner (see Matter of Miller v Schwartz, 72 NY2d 869 [1988]).

The petitioner's remaining contentions are without merit. Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.