■ In the Matter of SUREWAY TOWING, INC., Respondent, v RAYMOND P. MARTINEZ, Appellant. [779 NYS2d 109]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated May 20, 2002, affirming a determination of an administrative law judge, which, after a hearing, found that the petitioner had violated New York City Traffic Rules and Regulations (34 RCNY) § 4-15 (b) (9) and (10), and imposed a penalty, the appeal is from a judgment of the Supreme Court, Kings County (Douglass, J.), dated February 6, 2003, which granted the petition and annulled the determination.

Ordered that the appeal is dismissed and the judgment is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the appellant.

Since the petition raises a substantial evidence question, and the remaining points raised by the petitioner that were disposed of by the Supreme Court are not objections that could have terminated that proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the proceeding to this Court (*see Matter of Stein v County of Rockland*, 259 AD2d 552 [1999]; *Matter of Steck v Jorling*, 219 AD2d 727 [1995]; *Matter of G & G Shops v New York City Loft Bd.*, 193 AD2d 405 [1993]). Nonetheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred, and review the matter de novo (*see Matter of Stein v County of Rockland, supra; Matter of Steck v Jorling, supra*).

The petitioner, Sureway Towing, Inc. (hereinafter Sureway), was issued two summonses for violations of New York City Traffic Rules and Regulations (hereinafter the NYCTRR) (34 RCNY) §§ 4-15 (b) (9) and (10), which establish weight limits for certain types of vehicles. The New York State Department of Motor Vehicles Appeals Board (hereinafter the Board) affirmed a determination of an administrative law judge, which, after a hearing, found that the petitioner violated those sections of the NYCTRR. The Supreme Court granted the petition and annulled the determination on the ground that Vehicle and Traffic Law § 385 (20-a), which allows the operator of a vehicle to accept service on behalf of the owner/registrant, was inapplicable since the only violation alleged involved a provision of the NYCTRR. We conclude that this was error.

Local governments may only exercise those powers expressly granted to them by the State Constitution or the Legislature (*see Sand Hill Assoc. v Legislature of County of Suffolk*, 225 AD2d 681 [1996]; *New York State Pub. Empls. Fedn., AFL-CIO v City of Albany*, 72 NY2d 96 [1988]). Further, Vehicle and Traffic Law § 1600 provides that "[t]he provisions of this chapter shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein[,] and no local authority shall enact or enforce any local law, ordinance, order, rule or regulation in conflict with the provisions of this chapter unless expressly authorized herein." Consequently, since service of process is not one of the enumerated subjects that may be superseded by local law (*see* Vehicle and Traffic Law § 1642), the service of process provisions found in Vehicle and Traffic Law § 385 (20-a) are applicable here. Thus, service upon the petitioner's driver was sufficient for purposes of obtaining personal jurisdiction over the petitioner.

Contrary to the petitioner's contentions, the determination that it violated 34 RCNY 4-15 (b) (9) and (10) is supported by substantial evidence (*see City Hawk Indus. v Martinez*, 2 AD3d 635 [2003]; *Matter of Solomon Oliver Contr. Corp. v Adduci*, 201 AD2d 979 [1994]; *R & D Equip. Leasing Co. v Adduci*, 220 AD2d 900 [1995]) and the petitioner's arguments to the contrary are without merit (*see Matter of Maspeth Ave. Operating Corp. v Martinez*, 2 AD3d 446 [2003]; *Matter of Elite Corp. Ready Mix v Martinez*, 1 AD3d 436 [2003]; *Matter of New York Paving v Martinez*, 1 AD3d 518 [2003]; *Matter of Ferrara Equip. v Martinez*, 305 AD2d 411 [2003]; *Matter of Scara-Mix, Inc. v Martinez*, 305 AD2d 418 [2003]). Florio, J.P., Adams, Cozier and Lifson, JJ., concur.