■ In the Matter of IESI NY CORPORATION, Petitioner, v RAYMOND P. MARTINEZ, as Commissioner of the New York State Department of Motor Vehicles, Respondent. [778 NYS2d 900]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board, dated June 4, 2002, affirming a determination of an Administrative Law Judge, dated June 20, 2001, which found, after a hearing, that the petitioner violated New York City Traffic Rules and Regulations (34 RCNY) § 4-15 (b) (9) and Vehicle and Traffic Law § 401 (7) (F) (b), and imposed fines and surcharges of $7,300.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, where, as here, summonses are issued for, inter alia, alleged violations of New York City Traffic Rules and Regulations governing overweight vehicles, the applicable and controlling service provision is Vehicle and Traffic Law § 385 (20-a), not CPLR 311 (a) (1) (*see Matter of Sureway Towing, Inc. v Martinez,* 8 AD3d 490 [2004]).

"Local governments may only exercise those powers expressly granted to them by the State Constitution or the Legislature" (*Sand Hill Assoc. v Legislature of County of Suffolk,* 225 AD2d 681, 682-683 [1996]). Pursuant to Vehicle and Traffic Law § 1600, "[t]he provisions of this chapter shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any local law, ordinance, order, rule or regulation in conflict with the provisions of this chapter unless expressly authorized herein." While Vehicle and Traffic Law § 1642 (a) lists certain "enumerated subjects" where local laws shall supersede the provisions of the Vehicle and Traffic Law in cities having a population in excess of one million, service of process is not one of such enumerated subjects. Consequently, under the applicable provision of Vehicle and Traffic Law § 385 (20-a), service upon the petitioner's driver was effective to obtain personal jurisdiction over the petitioner.

We note that the CPLR governs procedure in civil judicial proceedings (*see* CPLR 101). "All civil judicial proceedings shall

be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized" (CPLR 103 [b]). An administrative proceeding is not an action (*see Matter of Fiedelman v New York State Dept. of Health,* 58 NY2d 80, 82 [1983]) nor a special proceeding (*see Matter of City of Syracuse v Public Empl. Relations Bd.,* 279 AD2d 98, 104 [2000]). Accordingly, the underlying administrative proceeding in this case was not a civil judicial proceeding, and the service provisions of CPLR 311 (a) (1) did not apply.

Moreover, judicial review of a determination rendered by an administrative body after a hearing is limited to whether that determination is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179 [1978]). Here, the testimony of the traffic officer who issued the summonses regarding the location of the weighing site and his training, accompanied by certificates establishing the accuracy of the scales he used in weighing the petitioner's vehicle, provided a sufficient basis for the determination of the Administrative Law Judge (*see Matter of City Hawk Indus. v Martinez,* 2 AD3d 635, 635-636 [2003]; *Matter of Scara-Mix, Inc. v Martinez,* 305 AD2d 418 [2003]; *Matter of R&D Equip. Leasing Co. v Adduci,* 220 AD2d 900, 901-902 [1995]). As the determination is supported by substantial evidence, we decline to disturb it.

The petitioner's remaining contentions are without merit. Altman, J.P., Florio, Smith and Rivera, JJ., concur.