■ In the Matter of MASTRONARDI MASONS, Petitioner, v RAYMOND P. MARTINEZ, as Commissioner of the New York State Department of Motor Vehicles, Respondent. [779 NYS2d 537]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Raymond P. Martinez, the Commissioner of the New York State Department of Motor Vehicles, dated September 23, 2002, which confirmed the findings of an Administrative Law Judge, made after a hearing, that the petitioner violated New York City Traffic Rules and Regulations (34 RCNY) § 4-15 (b) (9), and Vehicle and Traffic Law § 401 (7) (F) (b), and imposed a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Judicial review of a determination rendered by an administrative body after a hearing is limited to whether that determination is supported by substantial evidence upon the entire record (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]; *Matter of L. Camino Trucking v Martinez,* 5 AD3d 597 [2004]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra* at 180). Moreover, "[t]he courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists" (*Matter of Berenhaus v Ward,* 70 NY2d 436, 444 [1987], quoting *Matter of Stork Rest. v Boland,* 282 NY 256, 267 [1940]). As the determination is supported by substantial evidence, we decline to disturb it.

The testimony of the traffic enforcement agent who issued summonses regarding the condition of the roadway at the location of the weighing site in question, his training, the accuracy of the scales, the manner in which he weighed the petitioner's vehicle, and the weight observed and recorded for each measurement, provided a sufficient basis for the determination of the Administrative Law Judge (*see Matter of Maspeth Ave. Operating Corp. v Martinez,* 2 AD3d 446 [2003]; *Matter of Scara-Mix, Inc. v Martinez,* 305 AD2d 418 [2003]).

Moreover, the seizure of petitioner's truck, which occurred at the weigh station and pursuant to a nondiscriminatory pattern of selection by the officer weighing the vehicles, was constitutional (*see Matter of City Hawk Indus. v Martinez,* 2 AD3d 635 [2003]; *see also People v Scott,* 63 NY2d 518 [1984]; *cf. People v Mirin,* 280 AD2d 495, 496 [2001]).

The petitioner's remaining contentions are without merit (*see Matter of Clinton Ave. Constr. Corp. v Martinez,* 8 AD3d 273 [2004]; *Matter of L. Camino Trucking v Martinez, supra*). Prudenti, P.J., Ritter, Cozier and Skelos, JJ., concur.