■ In the Matter of Louis A. Petrosino, Inc., Petitioner, v Raymond P. Martinez, Respondent. [782 NYS2d 383]—

Proceeding pursuant to CPLR article 78 to review a determination of Raymond P. Martinez, the Commissioner of the New York State Department of Motor Vehicles Appeals Board, dated September 6, 2002, confirming a determination of an Administrative Law Judge, dated June 13, 2001, which, after a hearing, found that the petitioner violated Vehicle and Traffic Law § 385 (7), (9), and (10), and section 401 (7) (F) (b), and imposed a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Judicial review of a determination rendered by an administrative body after a hearing is limited to whether that determination is supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176 [1978]; Matter of Scara-Mix, Inc. v Martinez, 305 AD2d 418 [2003]; Matter of Anthony Grace & Sons v New York State Dept. of Mo-

*tor Vehs.*, 266 AD2d 284 [1999]). Here, the traffic officer who issued the summonses testified regarding the location of the weighing site, the accuracy of the scales used to weigh the vehicle, and his training with regard to their use. In addition, the officer submitted documents indicating that the scales were accurate before and after the petitioner was charged with the violations. This evidence provided a sufficient basis for the determination of the Administrative Law Judge (*see Matter of Scara-Mix, Inc. v Martinez, supra; Matter of Allied Sanitation v Adduci*, 226 AD2d 195 [1996]; *Matter of R & D Equip. Leasing Co. v Adduci*, 220 AD2d 900 [1995]).

Moreover, there is no reasonable interpretation of Vehicle and Traffic Law § 385 (20-a) that would exempt the petitioner from liability for violating Vehicle and Traffic Law § 385 (7), (9), and (10).

The petitioner's remaining contention is without merit. Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.