■ In the Matter of SPRINT RECYCLING, INC., Appellant, v RAYMOND P. MARTINEZ, as Commissioner of New York State Department of Motor Vehicles, Respondent. [784 NYS2d 597]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State of Department of Motor Vehicles Appeals Board dated April 7, 2003, which confirmed the finding of an Administrative Law Judge dated October 11, 2002, made after a hearing, that the petitioner violated Vehicle and Traffic Law § 385 (9) and § 401 (7) (F) (b), and imposed a fine and surcharge in the sum of $3,750.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Judicial review of a determination rendered by an administrative body after a hearing is limited to whether that determination is supported by substantial evidence upon the entire record (*see Matter of L. Camino Trucking v Martinez,* 5 AD3d 597 [2004]). Courts may not weigh the evidence or reject the choice made by an administrative agency where the evidence is conflicting and room for choice exists (*see Matter of Berenhaus v Ward,* 70 NY2d 436 [1987]). As the determination under review herein is supported by substantial evidence, we decline to disturb it.

The testimony of the traffic enforcement agent regarding the condition of the roadway at the location of the weighing site, her training, the accuracy of the scales, the manner in which she weighed the petitioner's vehicle, and the weight observed and recorded for each measurement, provided a sufficient basis for the determination of the Administrative Law Judge that the petitioner's truck exceeded the prescribed weight limit (*see Matter of Masons v Martinez,* 8 AD3d 671, 672 [2004]; *Matter of IESI NY Corp. v Martinez,* 8 AD3d 667 [2004]; *Matter of*

*Maspeth Ave. Operating Corp. v Martinez,* 2 AD3d 446 [2003]). Furthermore, the officer's uncontroverted testimony established that the ground where the scales were placed was "level, even, [and] clear of dirt and debris." There is thus no basis in the record for the petitioner's speculative claim that the measurements of the truck's weight were inaccurate due to the ground exceeding the 5% maximum gradient specified in the instruction manual of scales used by the officer.

The petitioner's remaining contentions are without merit. S. Miller, J.P., Schmidt, Mastro and Fisher, JJ., concur.