■ In the Matter of Star Rubbish Removal Corp., Petitioner, v Raymond Martinez, Respondent. [790 NYS2d 206]—

588

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Raymond P. Martinez, as Commissioner of the New York State Department of Motor Vehicles, dated December 12, 2002, which confirmed the findings of an Administrative Law Judge, made after a hearing, that the petitioner violated New York City Traffic Rules and Regulations (34 RCNY) § 4-15 (b) (9) and Vehicle and Traffic Law § 401 (7) (F) (b), and imposed a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Judicial review of a determination rendered by an administrative body after a hearing is limited to whether that determination is supported by substantial evidence upon the entire record (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]; *Matter of L. Camino Trucking v Martinez,* 5 AD3d 597 [2004]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra* at 180). Moreover, "[t]he courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists" (*Matter of Berenhaus v Ward,* 70 NY2d 436, 444 [1987] [internal quotation marks omitted]; *see Matter of Stork Rest. v Boland,* 282 NY 256, 267 [1940]; *Matter of Scara-Mix, Inc. v Martinez,* 305 AD2d 418 [2003]). As the determination is supported by substantial evidence, we decline to disturb it.

The testimony of the officer who issued the summonses regarding the condition of the roadway at the location of the weighing site, his training, the accuracy of the scales, the manner in which he weighed the vehicle, and the weight observed and recorded for each measurement, provided substantial evidence supporting the determination of the Administrative Law Judge (*see Matter of Sprint Recycling v Martinez,* 12 AD3d 451

[2004]; *Matter of Masons v Martinez,* 8 AD3d 671 [2004]; *Matter of Maspeth Ave. Operating Corp. v Martinez,* 2 AD3d 446 [2003]; *Matter of Scara-Mix, Inc. v Martinez, supra*).

Additionally, the petitioner waived its jurisdictional objections when it appeared and participated in the hearing on the merits (*see Matter of Clinton Ave. Constr. Corp. v Martinez,* 8 AD3d 273 [2004]; *Matter of United States Power Squadrons v State Human Rights Appeal Bd.,* 84 AD2d 318 [1981]). In any event, administrative proceedings are not governed by the service requirements of the CPLR, and the service of the tickets upon the vehicle's driver was sufficient to confer personal jurisdiction over the petitioner (*see Matter of JPR Constr. Corp. v Martinez,* 11 AD3d 543 [2004]; *Matter of IESI NY Corp. v Martinez,* 8 AD3d 667 [2004]; *Matter of Sureway Towing, Inc. v Martinez,* 8 AD3d 490 [2004]; *Matter of Clinton Ave. Constr. Corp. v Martinez, supra*).

The petitioner's remaining contentions are without merit. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.