■ In the Matter of CARMINE W. DENTE, SR., Petitioner, v RAYMOND P. MARTINEZ, Respondent. [790 NYS2d 229]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated February 20, 2003, affirming a determination of an administrative law judge which found, after a hearing, that the petitioner violated New York City Traffic Rules and Regulations (34 RCNY) § 4-15 (b) (9) and (10), and imposed fines in the sums of $2,450 and $700, respectively, and surcharges.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, where summonses are issued for violations of New York City Traffic Rules and Regulations governing overweight vehicles, the applicable and controlling service provision is Vehicle and Traffic Law § 385 (20-a), not CPLR 311 (a) (1) (*see Matter of IESI NY Corp. v Martinez,* 8 AD3d 667 [2004]; *Matter of Sureway Towing, Inc. v Martinez,* 8 AD3d 490 [2004]).

Judicial review of a determination rendered by an administrative body after a hearing is limited to whether that determination is supported by substantial evidence upon the entire record (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]; *Matter of Pell v Board of Educ.,* 34 NY2d 222 [1974]). The reviewing court may not substitute its impression of the credibility of witnesses for that of the hearing court (*see Matter of Rodriguez-Rivera v Kelly,* 2 NY3d 776 [2004]), " 'or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists' " (*Matter of Berenhaus v Ward,* 70 NY2d 436, 444 [1987], quoting *Matter of Stork Rest. v Boland,* 282 NY 256, 267 [1940]; *Matter of Masons v Martinez,* 8 AD3d 671 [2004]; *Matter of McQueeney v Dutchess County Sheriff,* 223 AD2d 710 [1996]).

The testimony of the traffic enforcement agent who issued the summonses regarding the location of the weighing site, his training, and the accuracy of the scales he used in weighing the petitioner's vehicle provided a sufficient basis for the determination of the Administrative Law Judge (*see Matter of Masons v*

*Martinez, supra; Matter of Maspeth Ave. Operating Corp. v Martinez,* 2 AD3d 446 [2003]; *Matter of Scara-Mix, Inc. v Martinez,* 305 AD2d 418 [2003]; *Matter of McQueeney v Dutchess County Sheriff, supra*). Krausman, J.P., Mastro, Rivera and Skelos, JJ., concur.