■ In the Matter of Mo's CARTING CORP., Appellant, v RAYMOND MARTINEZ, Respondent. [813 NYS2d 505]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated July 7, 2004, affirming a determination of an Administrative Law Judge dated March 26, 2003, which, after a hearing, found that the petitioner violated New York City Traffic Rules and Regulations (34 RCNY) § 4-15 (b) (8), (9), and (10) and Vehicle and Traffic Law § 401 (7) (F) (b), and imposed a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Since administrative proceedings are not governed by the service requirements of the CPLR, service of the instant summonses upon the subject vehicle's driver was sufficient to confer personal jurisdiction over the petitioner (see *Matter of JPR Constr. Corp. v Martinez,* 11 AD3d 543 [2004]; *Matter of IESI NY Corp. v Martinez,* 8 AD3d 667, 668 [2004]; *Matter of Sureway Towing, Inc. v Martinez,* 8 AD3d 490 [2004]).

The testimony of the traffic enforcement agent who issued the summonses regarding the location of the weighing site and her training, accompanied by certificates establishing the accuracy of the devices she used in weighing the petitioner's vehicle, provided a sufficient basis for the finding of the Administrative Law Judge (see *Matter of Valente Equip. Leasing Corp. v Martinez,* 19 AD3d 701 [2005]; *Matter of Metro Demolition Contr. Corp. v Martinez,* 12 AD3d 513 [2004]; *Matter of Omni Waste Servs., Inc. v Martinez,* 11 AD3d 696 [2004]; *Matter of Clinton Ave. Constr. Corp. v Martinez,* 8 AD3d 273, 273-274 [2004]).

We note that at an administrative hearing, the Administrative Law Judge "need not observe the rules of evidence observed by courts" (State Administrative Procedure Act § 306 [1]; *see Matter of R & D Equip. Leasing Co. v Adduci,* 220 AD2d 900, 901 [1995]), and the petitioner's "reliance upon criminal cases is misplaced since such cases are inapplicable to administrative hearings in which different rules apply" (*Matter of Cole v New York State Dept. of Educ.,* 94 AD2d 904, 905 [1983]; *see Matter of Anthony Grace & Sons v New York State Dept. of Motor Vehs.,* 266 AD2d 284 [1999]).

The determination of the Administrative Law Judge that the petitioner violated New York City Traffic Rules and Regulations (34 RCNY) § 4-15 (b) (8), (9), and (10) and Vehicle and Traffic Law § 401 (7) (F) (b) is supported by substantial evidence, and we therefore decline to disturb it (see *Matter of Petrosino Trucking, Inc. v Martinez,* 16 AD3d 691 [2005]; *Matter of Star Rubbish Removal Corp. v Martinez,* 15 AD3d 587 [2005]; *Matter of Sprint Recycling, Inc. v Martinez,* 12 AD3d 451 [2004]).

The petitioner's remaining contentions are without merit. Krausman, J.P., Spolzino, Lifson and Dillon, JJ., concur.