In the Matter of CASALINO INTERIOR DEMOLITION CORP., Petitioner, v RAYMOND P. MARTINEZ, Respondent. [814 NYS2d 720]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board, dated July 15, 2004, which confirmed the findings of an administrative law judge, dated April 7, 2003, made after a hearing, that the petitioner violated New York City Traffic Rules and Regulations (34 RCNY) § 4-15 (b) (9) and (10), and imposed a penalty.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, the penalty imposed is vacated, and summons Nos. 4127601279 and 4127601280 are dismissed.

On November 8, 2002 Police Officer Linda Mercer of the New York City Police Department Truck Enforcement Unit weighed the petitioner's dump truck at a temporary weigh station in Brooklyn and issued two summonses against the petitioner for operating an overweight vehicle in violation of New York City Traffic Rules and Regulations. At the subsequent hearing before an administrative law judge, Officer Mercer was the sole witness. She testified that five officers were manning the weigh station. Before the officers pulled any vehicles into the weigh station, they agreed that "one of every third truck" would be pulled into the weigh station. Officer Mercer was not the person who stopped the petitioner's dump truck. She simply testified that the petitioner's truck "was pulled into the weigh station." Thereafter, the petitioner's oral application to dismiss the summonses on the ground that the respondent failed to establish that the vehicle was stopped in accordance with a nondiscriminatory pattern was denied.

The petitioner conceded that the pattern of selection in stopping vehicles at the subject weigh station, as agreed upon by the officers operating the station, was nondiscriminatory and constitutional (see Matter of Mayrick Constr. Corp. v Martinez, 13 AD3d 68, 69 [2004]; Matter of DeFelippis Enters., Inc. v Martinez, 11 AD3d 533 [2004]; Matter of Masons v Martinez, 8 AD3d 671 [2004]; Matter of City Hawk Indus. v Martinez, 2

AD3d 635 [2003]). However, the petitioner argued that the evidence failed to show that its vehicle was stopped pursuant to this constitutional pattern of selection. The administrative law judge determined that the petitioner violated the New York City Traffic Rules and Regulations and imposed a penalty. The petitioner appealed, and the New York State Department of Motor Vehicles Appeals Board confirmed the determination of the administrative law judge. As a result, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination.

"Absent reasonable suspicion of a vehicle violation, a 'routine traffic check' to determine whether or not a vehicle is being operated in compliance with the Vehicle and Traffic Law is permissible only when conducted according to nonarbitrary, nondiscriminatory, uniform procedures for detecting violations" (*People v Ingle,* 36 NY2d 413, 414-415 [1975]; *see People v Scott,* 63 NY2d 518, 524-527 [1984]). It was the respondent's burden to show in the first instance that not only was there a plan in place to stop trucks at the temporary weigh station in a nondiscriminatory pattern, but that the petitioner's truck was in fact stopped pursuant to this pattern or that the pattern could not be used in that instance because the officers at the weigh station were busy weighing a truck that had already been pulled over (*see Matter of Mayrick Constr. Corp. v Martinez, supra; Matter of Ferrara Bros. Bldg. Materials Corp. v Martinez,* 11 AD3d 214, 215 [2004]; *Matter of Masons v Martinez, supra; Matter of City Hawk Indus. v Martinez, supra*). Here, there was no evidence that the petitioner's vehicle was stopped in conformity with the nondiscriminatory pattern of selection. Accordingly, the administrative law judge's determination was not supported by substantial evidence and should have been annulled (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176 [1978]). Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.