*585 The petitioner rented an apartment to the respondents Joseph Lovallo, Sr., and Barbara Mayo, both of whom are individuals with disabilities. Lovallo and Mayo filed a complaint with the Westchester County Human Rights Commission (hereinafter the Commission), alleging that the petitioner had refused to accommodate their disabilities and had repeatedly stated that he would not have rented to them had he known that Lovallo used a wheelchair and that he would evict them if they continued to complain.
After a hearing, the Administrative Law Judge (hereinafter ALJ) found that the petitioner had engaged in disability discrimination. After a separate hearing on the issue of damages, the ALJ recommended that the petitioner be required to pay to Lovallo and Mayo compensatory damages in the sum of $9,500, punitive damages in the sum of $5,000, a civil penalty to the Commission in the sum of $10,000, and attorney’s fees in the sum of $12,709.35. The Commission’s Fair Housing Board adopted the ALJ’s findings and recommendations.
Contrary to the petitioner’s assertions, Joshua Levin, the Commission’s Director of Fair Housing, did not testify as to the petitioner’s general veracity or offer an opinion as to the truthfulness of the petitioner’s testimony at the administrative hearing. Rather, Levin provided his opinion, based on his observations, perceptions, and investigation of the credibility of the petitioner’s claim that Lovallo did not complain to the petitioner, yet continually called the Yonkers Police Department to complain about problems with the subject apartment (see Westchester County Fair Housing Board Rules and Regs § 2-14 [a]; Fed Rules Evid rule 704 [a]). In any event, at an administrative hearing, the ALJ need not observe the rules of evidence observed by courts (see Matter of Anthony Grace & Sons v New York State Dept. of Motor Vehs., 266 AD2d 284, 285 [1999]). The ALJ did not improvidently exercise her discretion in admitting Levin’s testimony.
Additionally, the petitioner’s contention that the ALJ was not authorized to impose punitive damages unless the petitioner’s conduct was quasi-criminal in nature is belied by the Westchester County Fair Housing Law, which specifically authorizes *586 imposition of punitive damages for willful, wanton, or malicious conduct (see Westchester County Fair Housing Law § 700.29 [B] [1] [d]). Similarly, the ALJ was authorized to impose a civil penalty for willful and wanton conduct like that exhibited by the petitioner (see Westchester County Fair Housing Law § 700.29 [B] [1] [f]).
In addition, the ALJ’s award of compensatory damages was supported by substantial evidence. Indeed, Lovallo testified that the petitioner’s refusal to install an adequate ramp resulted in irreparable damage to Lovallo’s wheelchair, which had to be replaced at a cost of $7,000. Moreover, Lovallo and Mayo both testified in detail about the inconvenience and stress they suffered as a result of the petitioner’s conduct. The circumstances surrounding the petitioner’s discriminatory conduct support a finding that the compensatory damages award was not punitive in nature or an improvident exercise of discretion (see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 216 [1991]; Matter of Argyle Realty Assoc. v New York State Div. of Human Rights, 65 AD3d 273, 284 [2009]).
The petitioner waived any challenge to the award of attorney’s fees by failing to challenge the amount of attorney’s fees in his petition for review by the Fair Housing Board (see Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]; Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]).
The petitioner’s remaining contentions are without merit. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.