## Matter of Cloud City Organic Corp. v City of New York

2025 NY Slip Op 32220(U)

June 20, 2025

Supreme Court, Kings County

Docket Number: Index No. 533124/2024

Judge: Inga M. O'Neale

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At City Part <u>22</u> of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 20th day of June, 2025

Present: <u>HON. INGA M. O'NEALE</u>
  Justice, Supreme Court

---

In the Matter of the Application of Cloud City Organic Corp.,

                              Petitioner,

For a Judgment Pursuant to Article 78 of the Civil Practice Law and Rules,
                  -against-

City of New York et al,

                              Respondents.

Cal. No.:
Index No.: 533124/2024

---

The following papers numbered 1 to ____ read on this motion

| | NYSCEF Doc #<br>Papers Numbered |
|---|---|
| Notice of Motion-Order to Show Cause And Affidavits (Affirmations) Annexed | 1-17 |
| Answering Affidavit (Affirmation) | 19-38 |
| Reply Affidavit (Affirmation) | 39 |
| Other ____ | 18 |

Upon the foregoing papers, petitioner Cloud City Organic Corp. ("petitioner") moves, by order to show cause, for an order, pursuant to CPLR §§ 6301 and 6311, preliminarily enjoining respondents the City of New York and New York City Sheriff Anthony Miranda from enforcing the November 21, 2024 final order to seal (the final sealing order; NYSCEF Doc #7) petitioner's business located at 1318 Avenue J in Brooklyn, New York and permitting said business to re-open pending the determination of the instant Article 78 proceeding.

Petitioner commenced the instant Article 78 proceeding, by verified petition, against respondents the City of New York, Preston Niblack, Commissioner of New York City Department of Finance, New York City Sheriff Anthony Miranda (Sheriff) and Asim Rehman, Commissioner of the New York City Office of Administrative Trials and Hearings (collectively, respondents) (1) seeking a temporary restraining order preventing the Sheriff from enforcing the final sealing order as well as (2) an order vacating the final sealing order closing petitioner's business for a period of one year, as unlawful, arbitrary and capricious, and an abuse of discretion, and (3) permitting said business to re-open.

[* 1]

### Background

On November 2, 2024, after conducting an inspection of petitioner's business, the Sheriff issued a summons charging petitioner with the sale of cannabis without a valid license in violation of Administrative Code § 7-551 (a) (NYSCEF Doc #21). On that same date, the Sheriff issued a sealing order (the sealing order) and immediate closure of petitioner's business on the grounds that, "in violation of one or more of Sections 125(1), 125(1-a), 132(1) and 132(8) of the New York State Cannabis Law, 7-551 of the New York City Administrative Code, and section 42-04 title 19 of the Rules of the City of New York," petitioner was engaged in the "unlicensed processing of cannabis" and the possession of "cannabis products not tested or labelled lawfully" in "proximity to school, house of worship, or public youth facility" (NYSCEF Doc #23).

Petitioner then requested an administrative hearing before OATH which was subsequently held on November 15, 2024. On that date, the Hearing Officer issued a decision granting petitioner's motion to dismiss, finding "the affidavit of service of the summons to be defective" and that, as a result, "the sealing order cannot stand" (NYSCEF Doc #6). The Hearing Officer further found that respondents' "continuous de minims [sic] rebuttal does not remedy the blatant defects" in the summons (NYSCEF Doc #6). Subsequently, the Sheriff issued the November 21, 2024 final sealing order declining to adopt the recommendation of the November 15, 2024 decision. Instead, in the final sealing order, the Sheriff found that, among other things, there was "sufficient evidence" to establish that service of the summons and the sealing order was proper (NYSCEF Doc #7). The Sheriff further held that there was "sufficient evidence that the cannabis and cannabis-marketed products present at the [s]ubject [p]remises at the time of the inspection were offered for sale or were kept with intent to sell" (*id.*). The Sheriff pointed to "... cannabis and cannabis-marketed-products consisting of 2.83 pounds of THC Flower, 13.2 pounds of THC Edibles, 9.9 pounds of THC Vapes, and 19.8 pounds of THC Pre-rolls ..." seized during the inspection and held that the "volume and variety of cannabis and cannabis-marketed products seized supports the Office of the City Sheriff's determination that the cannabis and cannabis-marketed products seized were offered for sale and that this unlicensed activity was more than de minimis ... That such products were offered for sale is further evinced by a price menu located at the [s]ubject [p]remises indicating 'Jungle boys-50' and 'Big Chief -45-50,' which are the names of cannabis products seized from the [s]ubject [p]remises ... The unlawful cannabis activity was more than de minimis is also evinced by several pieces of cannabis products marketing displayed

with the 's]ubject [p]remises" (*id.*). The final sealing order further found that the "unlicensed cannabis activity pose[d] an imminent threat to public health, safety, and welfare" on the grounds that said products were not tested or labelled lawfully and also that said products were sold "in unlawfully close proximity to at least one school" (*id.*), thus warrant the final sealing order closing petitioner's business for a period of one year (*id.*).

Thereafter, petitioner commenced the instant Article 78 proceeding and moved for the relief requested herein. The instant order to show cause was signed on October 31, 2024 and the temporary restraining order was denied. Respondents interpose a verified answer and submit a memorandum of law in opposition. Petitioner also submits a reply affirmation. The parties appeared for oral argument on the instant order to show cause on March 26, 2025.

## Analysis

### Article 78 Standard of Review

"Generally, in a CPLR article 78 proceeding, [courts] examine whether the action taken by the agency has a rational basis" and will overturn that action only "where it is 'taken without sound basis in reason' or 'regard to the facts' " (*Matter of Wooley v. New York State Dept. of Correctional Servs.*, 15 N.Y.3d 275, 280 [2010], quoting *Matter of Peckham v. Calogero*, 12 NY.3d 424, 431, [2009]) "or where it is 'arbitrary and capricious'" (*Ignizio v City of New York*, 85 AD3d 1171, 1173 [2d Dept 2011], quoting *Matter of Deerpark Farms, LLC v. Agricultural & Farmland Protection Bd. of Orange County*, 70 AD3d 1037, 1038 [2010]). "It is not the province of the courts to second-guess thoughtful agency decisionmaking and, accordingly, an agency decision should be annulled only if it is arbitrary, capricious or unsupported by the evidence" (*Matter of Riverkeeper, Inc. v. Planning Bd. of Town of Southeast*, 9 NY3d 219, 232 [2007]). Notably, " '[w]hile judicial review must be meaningful, the courts may not substitute their judgment for that of the agency for it is not their role to 'weigh the desirability of any action or [to] choose among alternatives' " (*Matter of Riverkeeper, Inc.*, 9 NY3d at 232, quoting *Akpan v. Koch*, 75 NY2d 561, 570 [1990])

### N.Y. Cannabis Law

N.Y. Cannabis Law § 125 provides, in relevant part that "(1) [n]o person shall cultivate, process, distribute for sale or sell at wholesale or retail or deliver to consumers any cannabis, cannabis product, medical cannabis or cannabinoid hemp or hemp extract product, or any product

Page 3 of 7

[* 3]

marketed or labeled as such, within the state without obtaining the appropriate registration, license, or permit therefor required by this chapter unless otherwise authorized by law.

1-a. No person shall engage in an indirect retail sale irrespective of whether such person has obtained a registration, license, or permit issued under this chapter.

1-b. Any activity conducted in violation of subdivision one or one-a of this section presents a danger public health, safety and welfare."

N.Y. Cannabis Law § 138-B (2) provides, in relevant part, that "[a]ny order to seal shall be served by delivery of the order to the owner of the business or other person of suitable age or discretion in actual or apparent control of the premises at the time of the inspection and shall be posted at the building or premises that have been sealed, secured and closed. A copy of the order shall also be mailed to any address for the owner of the business at any address provided by the person to whom such order was delivered pursuant to this subdivision ..."

Pursuant to N.Y. Cannabis Law § 138-B (4), "[f]actors that determine an imminent threat to public health, safety and welfare shall be limited to: ... (e) proximity of the building or premises to schools, houses of worship, or public youth facilities ..." and other specified items. A sealing order may be issued only if, among other things, "the unlicensed activity .. is more than a de minimis part of the business activity on the premises or in the building to be sealed pursuant to the order ..." (N.Y. Cannabis Law § 138-B [6][b]). The factors to be considered "[i]n assessing whether unlicensed activity within a building or premises is more than de minimis ..." are noted in the provisions of N.Y. Cannabis Law § 138-B (7).

**Administrative Code**

Administrative Code § 7-551 (a) provides, in relevant part, that "[a]ny person who engages in any conduct prohibited by subdivision one or one-a of section one hundred twenty-five of the cannabis law ... shall be subject to a civil penalty ... provided that any notice of violation and penalty may only be issued against the business that is conduction the unlicensed activity or an individual owner of the business ..." Administrative Code § 7-551 (b) provides that the Office of the City Sheriff can enforce violations of the Cannabis law.

Administrative Code § 7-551 (c) provides, in relevant part, that "[v]iolations of this section may be adjudicated in a proceeding before the office of administrative trials and hearings pursuant to chapter forty-five-A of the charter, and may be adjudicated by any division or tribunal designated by such office ..."

[* 4]

Administrative Code § 7-552 (a) provides, in relevant part, that "[t]he office of the city sheriff shall have the authority to conduct regulatory inspections of any place of business … where cannabis, cannabis product, or any products marketed or labeled as such, are sold, or offered to be sold, where no registration, license, or permit has been issued pursuant to the cannabis law …"

Administrative Code § 7-552 (b) provides, in relevant part, that "[t]he office of the city sheriff shall have the authority to: … (2) [i]ssue and execute an order to seal a building or premises where any person is engaged in conduct prohibited by section 7-551 and which either poses an imminent threat as described in subdivision four of section one hundred thirty-eight-b of the cannabis law … Such order to seal shall be served in the same manner as section one hundred thirty-eight-b of the cannabis law. Such order to seal shall be referenced in the civil summons issued pursuant to section 7-551 …"

## Discussion

As an initial matter, the court notes that petitioner's name is listed as Cloud City Organic Corp. in the caption and moving papers rather than as Cloud City Organic Convenience Corp. The court accepts petitioner's contention that this is a typographical error. In the exercise of the court's discretion (*see* CPLR 2001) and in the interest of judicial economy and there being no prejudice to respondents, the court grants petitioner's informal application in its reply papers (in response to respondents' opposition) to amend the caption to properly reflect its name as Cloud City Organic Convenience Corp.

In light of the foregoing, the caption is hereby amended and shall hereinafter read as follows:

---------------------------------------------------------------------------------------------XX

**In the Matter of the Application of Cloud City Organic Convenience Corp.,**

                           **Petitioner,**              **Index No.: 533124/2024**

**For a Judgment Pursuant to Article 78 of the Civil Practice Law and Rules,**
           **-against-**

**City of New York, Preston Niblacm Commissioner, New York City Department Of Finance, New York City Sheriff Anthony Miranda, and Asim Rehman, Commissioner New York City Office of Administrative Trials and Hearings,**

                         **Respondents.**

---------------------------------------------------------------------------------------------XX

Page 5 of 7

After oral argument and upon a review of the parties' papers and the relevant law as it is currently written, the court finds that petitioner failed to demonstrate that the November 21, 2024 final sealing order was unlawful, irrational, arbitrary and capricious or an abuse of discretion. The Hearing Officer's decision and recommendation regarding the sealing order was based on a finding that respondents' "continuous de minims [sic] rebuttal does not remedy the blatant defects" (NYSCEF Doc #6) in the summons, that was found to be defective, without any further discussion regarding whether the "… order to seal was properly issued…" by the Sheriff (*see* Administrative Code § 7-552 [b][2]).

Here, the court finds that the sealing order was properly served in the underlying administrative proceeding (*see* CPLR 101; *see* 48 RCNY § 6-08(B); *see generally IESI N.Y. Corp. v Martinez*, 8 AD3d 667, 669 [2d Dept 2004]). Notably, the Sheriff had the authority to inspect petitioner's business (*see* Administrative Code § 7-551) and issue the sealing order based on its determination that petitioner's business was engaged in unlawful conduct that presented an imminent threat to public health, safety and welfare (*see* NY Cannabis Law § 138-B [4]). Petitioner's requested hearing was appropriately and timely held before OATH (*see* Administrative Code § 7-552). Under the circumstances of this particular case and upon a review of the relevant law as it is currently written, the court finds that a dismissal of the subject summons does not necessitate a vacatur of the final sealing order.

Insofar as petitioner claims that the sale of cannabis was de minimis, the court rejects said argument in light of, among other things, the variety and volume of cannabis seized by the Sheriff as well as the display of a menu with prices at the subject premises (*see* N.Y. Cannabis Law §§ 138-b and 25).

The court will now turn to petitioner's request for a preliminary injunction. It is well settled that "[p]reliminary injunctive relief is a drastic remedy that will not be granted unless a clear right thereto is established under the law and the undisputed facts upon the moving papers. The burden of showing an undisputed right rests upon the movant" (*Corporate Coffee Systems, LLC v R.U.G. Consulting, LLC*, 235 AD3d 829, 830 [2d Dept 2025]). "The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of the equities in its favor" (*Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *see* CPLR 6301). "While the existence of issues of fact alone

Page 6 of 7

[* 6]

will not justify denial of a motion for a preliminary injunction, the motion should not be granted where there are issues that 'subvert the plaintiff's likelihood of success on the merits ... to such a degree that it cannot be said that the plaintiff established a clear right to relief' " (*Matter of Advanced Digital Sec. Solutions, Inc. v Samsung Techwin Co., Ltd.*, 53 AD3d 612, 613 [2d Dept 2008]).

Here, petitioner has failed to demonstrate a likelihood of ultimate success on the merits or a clear right to relief based upon the variety and volume of the cannabis seized by the Sheriff. Likewise, petitioner has failed to demonstrate irreparable injury in the absence of an injunction as potential economic loss does not constitute irreparable harm. With respect to a balancing of the equities, the court notes the finding in the final sealing order that petitioner's business is located. In this regard, the court finds that risks to public health and safety outweigh any alleged interest claimed by petitioner. As such, petitioner's request for a preliminary injunction is denied.

## Conclusion

Accordingly, the order to show cause is denied and the petition herein is dismissed. The foregoing constitutes the decision and order of the court.

**For Clerks use only**

**MG**___

**MD** ✓

**Motion Seq.#**

1

E N T E R

_____
Hon. Inga M. O'Neale
J.S.C.

JUN 2 0 2025

[* 7]