■ In the Matter of ANTHONY GACH, Appellant, v CITY OF LONG BEACH et al., Respondents. [631 NYS2d 68] —In a proceeding pursuant to CPLR article 78 to set aside the acceptance of a competitive bid and to rescind a lease between the respondents B&B Ocean Front Concessions, Inc., and the City of Long Beach, the petitioner appeals from a judgment of Supreme Court, Nassau County (Roberto, J.), dated June 2, 1994, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On February 11, 1993, the City of Long Beach opened for competitive bidding a beach concession rental. After bids were received, on March 16, 1993, the Long Beach City Council adopted a resolution which awarded the beach concession rental to the respondent B&B Oceanfront Concessions, Inc. (hereinafter B&B) and authorized the City Manager to enter into a lease with B&B. Thereafter, on April 28, 1993, the City Manager executed a lease with B&B.

We reject the petitioner's contention that the four-month Statute of Limitations set forth under CPLR 217 commenced to run when the lease was executed. The four-month period of limitation under CPLR 217 was triggered on March 16, 1993, the date on which the City Council adopted the resolution which awarded the beach concession rental to B&B *(see generally, Matter of Martin v Ronan,* 44 NY2d 374, 379-381; *Matter of Douglaston & Little Neck Coalition v Sexton,* 145 AD2d 480). The petitioner asserts that it could not be determined whether he would be aggrieved until the lease was executed because the notice to bidders failed to indicate that the successful bidder would be allowed to sell its goods throughout the beach and boardwalk area. However, this information was set forth in the bid specifications and was available to the petitioner as

the notice to bidders indicated the address at which the bid specifications could be obtained.

Since this proceeding was not commenced until more than four months after the City Council adopted its resolution which awarded the beach concession rental to B&B, the Supreme Court correctly dismissed the proceeding as time-barred *(see,* CPLR 217). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.