◼ In the Matter of CLARE COSTA et al., Petitioners, v TOWN OF RED HOOK et al., Respondents. (Proceeding No. 1.) In the Matter of ROBERT SCHULTZ et al., Appellants, v TOWN OF RED HOOK PLANNING BOARD et al., Respondents. (Proceeding No. 2.) [756 NYS2d 475] —In two related proceedings, inter alia, pursuant to CPLR article 78 to review a determination of the respondent Town of Red Hook Planning Board dated October 1,

2001, granting preliminary subdivision and site-plan approvals to the respondent Martin's Foods of South Burlington, Inc., the petitioners in Proceeding No. 2 appeal from so much of a judgment of the Supreme Court, Dutchess County (Hillery, J.), dated May 1, 2002, as denied the petition in Proceeding No. 2.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

The respondent Martin's Foods of South Burlington, Inc. (hereinafter Martin's Foods), sought permission to construct an approximately 47,700 square-foot supermarket. After conducting an extensive review pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), the respondent Town of Red Hook Planning Board (hereinafter the Planning Board), which acted as lead agency, gave Martin's Foods the approvals at issue.

The appellants, who reside near the location of the proposed supermarket, take issue with the Planning Board's determination that the project, as approved, was one that avoided or minimized "adverse environmental effects" to the maximum extent practicable (ECL 8-0109 [1]). However, the Supreme Court correctly refused to disturb that determination.

Judicial review of a lead agency's substantive environmental determination is limited to a consideration of whether it was, inter alia, arbitrary and capricious or an abuse of discretion (*see Matter of Kahn v Pasnik,* 90 NY2d 569 [1997]). The relevant inquiry is whether the lead agency identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasonable elaboration" of the basis for its determination (*Matter of Kahn v Pasnik, supra* at 574).

The challenged determination was made after the Planning Board took a hard look at the impact that an approximately 47,700 square-foot supermarket, as well as a smaller supermarket, would have on the relevant areas of environmental concern, which included traffic and community character (*see Matter of Concerned Citizens of Val. Stream v Bond,* 282 AD2d 532 [2001]; *Matter of Wilkinson v Planning Bd. of Town of Thompson,* 255 AD2d 738 [1998]). The Planning Board's determination that the larger supermarket would not have any more adverse impact on the environment than would the smaller supermarket was not arbitrary and capricious or an abuse of discretion (*see Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400 [1986]).

The appellants' remaining contentions are without merit. Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur.