In the Matter of JAMES T. RAPOLI, Appellant, v VILLAGE OF RED HOOK, Respondent. [815 NYS2d 722]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Village of Red Hook suspending the petitioner without pay from his employment as a part-time police officer, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Dolan, J.), dated July 29, 2005, which granted the respondent's motion pursuant to CPLR 3211 (a) (5) and 7804 (f), denied the petition, and dismissed the proceeding as time-barred.

Ordered that the order and judgment is affirmed, with costs.

In or about July 2002 the petitioner was suspended from his employment as a part-time police officer with the respondent,

Village of Red Hook. On or about November 29, 2004 the petitioner commenced this proceeding pursuant to CPLR article 78 to review that determination, alleging, inter alia, that he was improperly suspended without a hearing for more than 30 days in violation of Village Law § 8-804 and Civil Service Law § 75.

A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner (*see* CPLR 217; *Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 72 [1989]; *Matter of Edmead v McGuire*, 67 NY2d 714 [1986]; *Mundy v Nassau County Civ. Serv. Commn.*, 44 NY2d 352 [1978]; *Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834 [1983]). "For a determination to be final 'upon the petitioner' it must be clear that the petitioner seeking review has been aggrieved by it" (*Matter of Martin v Ronan*, 44 NY2d 374, 380 [1978], quoting *Matter of O'Neill v Schechter*, 5 NY2d 548 [1959]). Generally this occurs at the "point when the challenged action has its impact" (*Mundy v Nassau County Civ. Serv. Commn., supra* at 357). Where, as here, an employee claims that he should not have been suspended without a hearing for more than 30 days pending a trial of the charges against him, the statute of limitations began to run 30 days after the suspension without a hearing became effective (*see Matter of Levine v Board of Educ. of City of N.Y.*, 272 AD2d 328 [2000]; *Matter of Armstrong v Centerville Fire Co.*, 83 NY2d 937 [1994]). Thus, the Village met its burden of establishing that the proceeding was commenced more than four months thereafter (*see Matter of Village of Westbury v Department of Transp. of State of N.Y., supra* at 73; *Matter of Castaways Motel v Schuyler*, 24 NY2d 120, 126-127 [1969]; *Matter of Chaban v Board of Educ. of City of N.Y.*, 201 AD2d 646 [1994]).

Contrary to the petitioner's contention, his subsequent demand for a hearing did not toll the statute of limitations (*cf. Matter of Patry [Village of Tupper Lake]*, 262 AD2d 757 1999]; *Matter of Levine v Board of Educ. of City of N.Y.*, 173 AD2d 619 [1991]). In addition, the actions subsequently taken by the Village in conducting a hearing to consider the charges against the petitioner did not constitute continuing acts so as to toll the statute of limitations (*see e.g. Matter of Pronti v Albany Law School of Union Univ.*, 301 AD2d 841, 842-843 [2003]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Rivera, Skelos and Covello, JJ., concur.