■ In the Matter of TIBOR SIMON, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [825 NYS2d 522]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority dated July 18, 2003 which sustained disciplinary charges against the petitioner and terminated his employment, the petitioner appeals from a judgment of the Supreme Court, Kings County (Douglass, J.), dated February 10, 2005, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

We affirm the denial of the petition and the dismissal of the proceeding on a different ground than that articulated by the Supreme Court. The proceeding should have been dismissed on the ground that it was barred by the four-month statute of limitations applicable to proceedings brought pursuant to CPLR article 78 (see. CPLR 217 [1]). A proceeding pursuant to CPLR article 78 must be commenced within four months from the time the determination being challenged becomes final and binding (*Matter of De Milio v Borghard*, 55 NY2d 216, 219-220 [1982]). A determination becomes final and binding when it has an impact on the petitioner (*see Matter of Edmead v McGuire*, 67 NY2d 714, 716 [1986]).

Here, the petitioner is challenging the determination of the New York City Transit Authority (hereinafter the Transit Authority) dated July 18, 2003 sustaining charges of sexual harassment and upholding the penalty of dismissal from employment. The petitioner commenced this CPLR article 78 proceeding on September 1, 2004 more than four months after the date of the determination. The petitioner contends that he did not receive a copy of the determination until June 2004. However, in his complaint in an action brought against the Transit Authority in the Civil Court of the City of New York, Kings County on January 15, 2004 the petitioner requested payment for accrued vacation and compensatory time upon dismissal from employment, with interest from July 31, 2003. Therefore, the petitioner was certainly aware of the Transit Authority's determination, and acknowledged its impact on him in January 2004 more than four months prior to commencing this proceeding in September 2004. Accordingly, the petition should have been denied and the proceeding dismissed as time-barred.

The parties' remaining contentions need not be reached in light of this determination. Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.