■ In the Matter of JEFFREY PLATT, Respondent-Appellant, v TOWN OF SOUTHAMPTON et al., Appellants-Respondents. [848 NYS2d 702]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town of Southampton dated September 23, 2003, appointing Nicholas Badagliacca, James B. Giardina, Edward A. Manzello, and David B. Peters to the positions of police officers of the Town of Southampton, (1) the Town of Southampton and James P. Overton, Chief of Police, appeal, as limited by their brief, and Nicholas Badagliacca, James B. Giardina, Edward A. Manzello, and David B. Peters separately appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered January 24, 2006, as, upon a decision of the same court dated August 24, 2005, granted that branch of the amended petition which was to annul the appointments of Nicholas Badagliacca, James B. Giardina, Edward A. Manzello, and David B. Peters to the positions of police officers of the Town of Southampton, and the petitioner cross-appeals, as limited by his brief, from so much of the same judgment as, in effect, denied that branch of his amended petition which was to compel the

Town of Southampton to appoint him to the position of police officer of the Town of Southampton, and (2) the Town of Southampton and James P. Overton, Chief of Police, appeal, as limited by their brief, and Nicholas Badagliacca, James B. Giardina, Edward A. Manzello, and David B. Peters separately appeal, as limited by their brief, from so much of an order of the same court dated December 12, 2006, as denied that branch of their motion which was for leave to renew, and the petitioner cross-appeals, as limited by his brief, from so much of the same order as denied that branch of his cross motion which was denominated as one for leave to renew and reargue but which was, in actuality, one for leave to reargue.

Ordered that the cross appeal from the order is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeals from the order are dismissed as academic in light of our determination on the appeals and cross appeal from the judgment; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof granting that branch of the amended petition which was to annul the appointments of Nicholas Badagliacca, James B. Giardina, Edward A. Manzello, and David B. Peters to the position of police officer of the Town of Southampton, and substituting therefor a provision denying that branch of the amended petition; as so modified, the judgment is affirmed, the amended petition is denied in its entirety, and the proceeding is dismissed; and it is further,

Ordered that one bill of costs is awarded to the appellants-respondents appearing separately and filing separate briefs.

The Supreme Court should have dismissed this proceeding on the ground that it was barred by the four-month statute of limitations applicable to proceedings commenced pursuant to CPLR article 78 (*see* CPLR 217 [1]; *Matter of Simon v New York City Tr. Auth.*, 34 AD3d 823 [2006]). A proceeding pursuant to CPLR article 78 must be commenced within four months from the time the challenged determination becomes final and binding upon the petitioner (*see Matter of Simon v New York City Tr. Auth.*, 34 AD3d 823 [2006]; *Matter of Rapoli v Village of Red Hook*, 29 AD3d 1007, 1008 [2006]). For a determination to be final and binding upon the petitioner, it must be clear that the petitioner seeking review is aggrieved by the determination, and this generally occurs when the challenged action has its impact (*see Matter of Rapoli v Village of Red Hook*, 29 AD3d at 1008).

Here, the petitioner is challenging appointments made at a public session of the Town Board of the Town of Southampton

held on September 23, 2003. Because the petitioner was aggrieved by the appointments as of that date (*see Matter of Rockland County Patrolmen's Benevolent Assn. v Town of Ramapo*, 283 AD2d 650, 651 [2001]), and commenced this proceeding more than four months thereafter, the proceeding should have been dismissed as untimely (*see* CPLR 217 [1]).

The parties' remaining contentions need not be reached in light of our determination. Crane, J.P., Rivera, Florio and Balkin, JJ., concur.