In the Matter of SAVE OPEN SPACE et al., Petitioner, and NEWBURGH CAPITAL GROUP, INC., Appellant, v PLANNING BOARD OF TOWN OF NEWBURGH et al., Respondents. [855 NYS2d 575]—

In 2004 the respondent Wilder Balter Partners, Inc. (herein-

after WBP), submitted an application to the respondent Planning Board of the Town of Newburgh (hereinafter the Planning Board) for permission to build an approximately 850,000 square-foot shopping mall on property in Newburgh, New York. The Planning Board declared itself lead agency on the project and issued a positive declaration under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). On May 4, 2006 the Planning Board accepted as complete WBP's draft environmental impact statement (hereinafter the DEIS). A public comment period on the DEIS, which included two public meetings, was held from May 5, 2006 until July 31, 2006. In early August 2006 the petitioners Save Open Space (hereinafter SOS) a group dedicated to protecting the environment and preserving open space in Newburgh, Newburgh Capital Group, Inc. (hereinafter Newburgh Capital), the lessee of a shopping mall located directly across the highway from the site, and Lisabeth Riach and Margaret Mehr, residents of the Town of Newburgh, commenced this proceeding against the Planning Board and WBP pursuant to CPLR article 78. The petitioners, all of whom participated in the public aspects of the SEQRA review, sought an order directing the Planning Board and WBP to grant them and their consultants access to the proposed mall site "for the purpose of making such environmental observations and analyses as may be appropriate as to the presence of wetlands, threatened or endangered species, archeological, historical and cultural resources and to review the storm water drainage conditions on the Site," and an order directing the Planning Board to grant them 60 days thereafter to submit written comments. The petitioners alleged that the DEIS "may contain incomplete, misleading and erroneous information" and that the only way they could adequately comment on the same and present their position was if they were granted the requested access. The petitioners contend that the Planning Board's authority to grant the same was implicit in the statutory scheme of SEQRA, which encourages and requires an opportunity for public participation. The Planning Board and WBP opposed such relief, arguing, inter alia, that mandamus to compel was not available under the circumstances presented. The Supreme Court denied the petition and dismissed the proceeding.

To the extent that the relief sought is in the nature of mandamus to compel, it was properly denied. The extraordinary remedy of mandamus to compel will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see* CPLR 7803 [1]; *Matter of Brusco v Braun,* 84 NY2d 674, 679 [1994]; *Matter of County of*

*Fulton v State of New York,* 76 NY2d 675, 678 [1990]; *Matter of Hamilton v Chambers,* 35 AD3d 859 [2006]). Here, even by Newburgh Capital's own pleadings, such circumstances are not present.

Further, even accepting Newburgh Capital's contentions that the relief sought is review of the Planning Board's determination to deny access to the site, and that the petition is timely, Newburgh Capital failed to demonstrate that the determination was arbitrary, capricious, or an abuse of discretion (*see* CPLR 7801 [3]; CPLR 217 [1]; *see generally Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole,* 95 NY2d 267, 270 [2000]; *Matter of Platt v Town of Southampton,* 46 AD3d 907 [2007]; *Matter of Costa v Town of Red Hook,* 303 AD2d 584 [2003]).

Newburgh Capital's remaining contentions either are without merit or need not be reached in light of our determination. Ritter, J.P., Santucci, Angiolillo and Carni, JJ., concur.