In the Matter of LANCE McGOWAN, Respondent, v FAIRVIEW FIRE DISTRICT, Appellant. [858 NYS2d 278]—

In a proceeding, inter alia, pursuant to CPLR article 78, inter alia, to review a determination of the Fairview Fire District dated March 22, 2006, which adopted the recommendation of a hearing officer dated February 5, 2006, that the Fairview Fire District was authorized to review the petitioner's medical condition for the purpose of determining whether his medical condition had improved to such an extent that he was no longer entitled to supplemental benefits pursuant to General Munici-

pal Law § 207-a (2), the appeal is from a judgment of the Supreme Court, Westchester County (Lippman, J.), entered October 25, 2006, which granted the petition and enjoined the Fairview Fire District from terminating the petitioner's supplemental benefits pursuant to General Municipal Law § 207-a (2) on the basis of improved medical condition.

Ordered that the judgment is affirmed, with costs.

The petitioner was employed as a firefighter by the Fairview Fire District (hereinafter the District) and allegedly sustained a job-related injury on November 13, 1993. The New York State Comptroller approved his application for performance of duty disability retirement pursuant to Retirement and Social Security Law § 363-c and granted him performance of duty disability retirement effective August 1, 1995. In April 1998 the petitioner and the District entered into a stipulation (hereinafter the stipulation) to settle the petitioner's claim against the District for benefits pursuant to General Municipal Law § 207-a. Among other things, the terms of the stipulation obligated the District to pay the petitioner a wage supplement pursuant to General Municipal Law § 207-a (2) from March 1, 2004.

In December 2004, at the District's request, the petitioner received an independent medical examination. In February 2005 the District notified the petitioner that it was terminating his General Municipal Law § 207-a (2) benefits because he was not currently suffering from a work-related disability and advised him that he could request a hearing to challenge this determination.

The petitioner requested an appeal of the District's determination to terminate his benefits. Prior to and at the commencement of the hearing, the petitioner raised the argument that the District lacked the statutory authority to terminate his General Municipal Law § 207-a (2) benefits based upon a change in his medical condition. The hearing officer requested memoranda from both parties on this issue and subsequently issued a written recommendation that the District was authorized under General Municipal Law § 207-a to terminate the petitioner's General Municipal Law § 207-a (2) benefits if it determined that his medical condition had improved to such an extent that he was no longer disabled. On March 22, 2006, the District gave the petitioner written notice that its Board of Fire Commissioners had voted to accept the hearing officer's recommendation as to its statutory authority, and the petitioner commenced the instant proceeding challenging that determination on July 20, 2006.

Contrary to the District's contention, this proceeding was not

barred by the four-month statute of limitations applicable to proceedings brought pursuant to CPLR article 78 (*see* CPLR 217 [1]; *Matter of Simon v New York City Tr. Auth.*, 34 AD3d 823 [2006]). The petitioner is challenging the District's determination adopting the hearing officer's recommendation as to its statutory authority, and he commenced this proceeding within four months of receiving written notice of this determination (*see Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 72 [1989]). Moreover, because the petitioner is challenging the District's grant of power under General Municipal Law § 207-a, he was not required to wait until the conclusion of the administrative appeal hearing process before commencing this proceeding (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *Matter of Laureiro v New York City Dept. of Consumer Affairs*, 41 AD3d 717, 719 [2007]).

The Supreme Court correctly determined that the District lacks the statutory authority to terminate the petitioner's General Municipal Law § 207-a (2) benefits on the basis of alleged improvements in his medical condition. The benefits afforded firefighters pursuant to General Municipal Law § 207-a are remedial in nature and thus that statute is to be liberally construed in their favor (*see Matter of Klonowski v Department of Fire of City of Auburn*, 58 NY2d 398, 403 [1983]; *Matter of Flynn v Zaleski*, 212 AD2d 706, 707 [1995]). General Municipal Law § 207-a does not contain any language authorizing a municipality to terminate General Municipal Law § 207-a (2) benefits on the basis of improved medical condition. Additionally, the statute expressly grants municipalities the authority to terminate benefits paid pursuant to General Municipal Law § 207-a (1) upon a finding of improved medical condition (*see* General Municipal Law § 207-a [1]). The absence of a similar provision in General Municipal Law § 207-a (2) indicates that the Legislature did not intend to grant municipalities the authority to terminate benefits paid under that subsection on the basis of improved medical condition (*see Vatore v Commissioner of Consumer Affairs of City of N.Y.*, 83 NY2d 645, 650 [1994]; *Varela v Investors Ins. Holding Corp.*, 81 NY2d 958, 961 [1993]; *Thoreson v Penthouse Intl.*, 80 NY2d 490, 498 [1992]). Accordingly, the District was without authority to terminate the petitioner's General Municipal Law § 207-a (2) benefits on that basis (*see generally Matter of IESI NY Corp. v Martinez*, 8 AD3d 667, 668 [2004]; *Sand Hill Assoc. v Legislature of County of Suffolk*, 225 AD2d 681, 682-683 [1996]).

The District's remaining contentions are without merit or

have been rendered academic in light of our determination. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.