■ In the Matter of LONG ISLAND PINE BARRENS SOCIETY, INC., et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents. [866 NYS2d 225]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review Resolution No. 1268-2005 of the Suffolk County Legislature, which authorized the Suffolk County Department of Parks, Recreation and Conservation to enter into a license agreement with Hunter Sports Shooting Grounds, Inc., for the renovation and operation of a trap and skeet shooting range at

Southaven County Park, and to annul the license agreement that arose therefrom, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Weber, J.), dated May 2, 2007, which, in effect, granted those branches of the respective motions of the County of Suffolk, Hunter Sports Shooting Grounds, Inc., and Central Pine Barrens Joint Planning and Policy Commission which were to dismiss the petition insofar as asserted against each of them pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

From 1963 until 2001 the County of Suffolk operated, or leased out the operation of, a trap-and skeet-shooting range (hereinafter the Range) at Southaven County Park. According to the petitioners, the Range is located within the statutorily-designated "core preservation area" of the Long Island Pine Barrens (ECL 57-0107 [11]), an area in which land use is governed, inter alia, by article 57 of the Environmental Conservation Law. In the summer of 2001, the Suffolk County Department of Parks, Recreation and Conservation (hereinafter the Parks Department) shut down the Range because of health, noise, and safety violations.

Beginning in April 2002 the Suffolk County Legislature (hereinafter the County Legislature) adopted a series of resolutions concerning the Range which, among other things, appropriated funds for environmental restoration and construction at that location and directed the Parks Department to conduct a Request for Proposal (hereinafter RFP) process to retain a vendor to manage the Range. By Resolution No. 1268-2005, adopted on December 6, 2005, the County Legislature authorized the Parks Department to enter into a license agreement with Hunter Sports Shooting Grounds, Inc. (hereinafter Hunter Sports), for renovation and operation of the Range. The license agreement authorized by that resolution (hereinafter the license agreement) was executed by County officials and Hunter Sports in April 2006. On July 15, 2006 the Range reopened.

The petitioners commenced this proceeding on or about August 10, 2006. The respondents separately moved to dismiss the petition insofar as asserted against each of them on a variety of grounds, including the statute of limitations. The Supreme Court, in effect, granted those branches of their respective motions which were to dismiss the petition for failure to state a cause of action, and dismissed the proceeding. We affirm, albeit on a different ground.

The petitioners' challenge to the County Legislature's authorization of the license agreement was barred by the four-month statute of limitations applicable to proceedings commenced pursuant to CPLR article 78 (*see* CPLR 217 [1]; *Matter of Platt v Town of Southampton*, 46 AD3d 907, 908 [2007]; *Matter of Simon v New York City Tr. Auth.*, 34 AD3d 823 [2006]). The period of limitations set forth in CPLR 217 began to run on December 6, 2005 the date the County Legislature adopted the resolution authorizing the Parks Department to enter into a license agreement with Hunter Sports to operate of the Range (*see Matter of Gach v City of Long Beach*, 218 AD2d 801 [1995]). Since this proceeding was not commenced until more than four months after the resolution was adopted, the petitioners' challenge was untimely (*see* CPLR 217 [1]; *Matter of Gach v City of Long Beach*, 218 AD2d at 802).

The petitioners' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Covello, Balkin and Dickerson, JJ., concur. [*See* 2007 NY Slip Op 31055(U).]