# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1371**

**CA 13-01998**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

RIVERVIEW DEVELOPMENT LLC, PLAINTIFF-APPELLANT,

V

MEMORANDUM AND ORDER

CITY OF OSWEGO, COMMON COUNCIL OF CITY OF OSWEGO,
HONORABLE THOMAS W. GILLEN, AS MAYOR OF CITY OF
OSWEGO, AND SRE MIDTOWN GARAGE ACQUISITIONS, LLC,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

THE STEELE LAW FIRM, P.C., OSWEGO (KIMBERLY A. STEELE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BOND, SCHOENECK & KING, PLLC, OSWEGO (DOUGLAS M. MCRAE OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS CITY OF OSWEGO, COMMON COUNCIL OF CITY OF
OSWEGO AND HONORABLE THOMAS W. GILLEN, AS MAYOR OF CITY OF OSWEGO.

BOUSQUET HOLSTEIN PLLC, SYRACUSE (ROBERT K. WEILER OF COUNSEL), FOR
DEFENDANT-RESPONDENT SRE MIDTOWN GARAGE ACQUISITIONS, LLC.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Oswego County (Norman W. Seiter, Jr., J.), entered August 12,
2013. The order and judgment denied the application of plaintiff for
a preliminary injunction and granted the cross motion of defendants
for summary judgment dismissing the complaint.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum: These consolidated appeals involve a dispute over
the sale of a parking garage in defendant City of Oswego (City), and
the three plaintiffs are related entities who collectively seek, inter
alia, a "declaration" that the resolution and the purchase and sale
agreement for the sale of the parking garage is null and void pursuant
to General Municipal Law § 51 because the sale "causes waste of public
property" and, inter alia, constitutes "a fraud upon the taxpayers of
the City." In appeal No. 1, the plaintiff therein appeals from an
order and judgment that, inter alia, granted defendants' cross motion
for summary judgment dismissing the complaint as, inter alia, time-
barred. In appeal No. 2, the plaintiffs therein appeal from an order
and judgment granting defendants' cross motion to dismiss the
complaint as, inter alia, time-barred.

The garage, which is adjacent to a retail shopping center known

as Midtown Plaza that is owned by defendant SRE Midtown Garage Acquisitions, LLC (SRE), has been leased to SRE for use by Midtown Plaza shoppers and has also provided free public parking. However, the garage is almost 50 years old and in August 2012, concrete fell from the deck, causing property damage. In November 2012, an engineering firm performed a structural condition assessment for the City and recommended, inter alia, "discontinued public access and parking" on the upper level until permanent repairs are made. The engineering firm estimated that the total cost of needed repairs and upgrades would be $3,983,700.

In early December 2012, SRE offered to purchase the garage as part of its plan to develop the entire City block comprising the garage and Midtown Plaza. On December 10, 2012, defendant Common Council of the City passed a resolution authorizing defendant Mayor of the City to execute a purchase and sale agreement with SRE for the garage. The resolution was approved the next day, on December 11, 2012, and the City and SRE thereafter executed a purchase and sale agreement.

We conclude in appeal Nos. 1 and 2 that Supreme Court properly determined that the four-month statute of limitations set forth in CPLR 217 applies to the causes of action asserted by plaintiffs in their respective complaints and that the actions are time-barred. The causes of action under General Municipal Law § 51 have no specific limitations period, and we must "examine the substance of th[e] action to identify the relationship out of which the claim[s] arise[] and the relief sought" (*Solnick v Whalen*, 49 NY2d 224, 229; *see Hartnett v New York City Tr. Auth.*, 86 NY2d 438, 443-444; *Matter of Doorley v DeMarco*, 106 AD3d 27, 33). "If the rights of the parties may be resolved in a different form of proceeding for which a specific limitations period applies, then we must use that period" (*Doorley*, 106 AD3d at 33). Ultimately, "the nature of the remedy rather than the theory of liability is the salient consideration in ascertaining the applicable [s]tatute of [l]imitations" (*Clowes v Pulver*, 258 AD2d 50, 53, *lv dismissed* 94 NY2d 858). Here, plaintiffs are challenging the resolution authorizing defendant Mayor to execute a purchase and sale agreement for the garage. The resolution was an administrative act, rather than a legislative act, inasmuch as it applies only to the City and SRE (*see Town of Webster v Village of Webster*, 280 AD2d 931, 933). It is well established that the proper vehicle for challenging an administrative act is a CPLR article 78 proceeding, and thus the four-month statute of limitations under CPLR 217 applies (*see Matter of Resnick v Town of Canaan*, 38 AD3d 949, 953).

Contrary to plaintiffs' further contention, the limitations period "was triggered on . . . the date on which the [Common] Council adopted the resolution" authorizing the sale (*Matter of Gach v City of Long Beach*, 218 AD2d 801, 801; *see Matter of Long Is. Pine Barrens Socy., Inc. v County of Suffolk*, 55 AD3d 610, 612). The "determination to be reviewed" became final and binding on plaintiffs on December 11, 2012 when the resolution went into effect (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34, *rearg denied* 5 NY3d 824). It was at that

juncture that the City "reached a definitive position . . . that inflict[ed] actual, concrete injury . . . [that could not] be prevented or significantly ameliorated by further administrative action or by steps available to the complaining part[ies]" (*Best Payphones, Inc.*, 5 NY3d at 34; *see Long Is. Pine Barrens Socy., Inc.*, 55 AD3d at 612; *Gach*, 218 AD2d at 801-802).

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court