# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**940**

**CA 15-00411**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF BRIARWOOD MANOR PROPERTY LLC,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

COUNTY OF NIAGARA AND MOUNT VIEW PROPERTIES
OF LOCKPORT LLC, RESPONDENTS-RESPONDENTS.

---

ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (GERALD T. WALSH OF
COUNSEL), FOR PETITIONER-APPELLANT.

CLAUDE A. JOERG, COUNTY ATTORNEY, LOCKPORT, FOR RESPONDENT-RESPONDENT
COUNTY OF NIAGARA.

WOODS OVIATT GILMAN LLP, ROCHESTER (BRIAN D. GWITT OF COUNSEL), FOR
RESPONDENT-RESPONDENT MOUNT VIEW PROPERTIES OF LOCKPORT LLC.

---

Appeal from a judgment (denominated amended order) of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered May 21, 2014 in a proceeding pursuant to CPLR article 78. The judgment dismissed the proceeding as time-barred.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: This appeal involves the sale and conveyance of a former skilled nursing facility (property) by respondent County of Niagara (County) to respondent Mount View Properties of Lockport LLC (Mount View). Petitioner sought to challenge the transaction on the ground that the County failed to comply with provisions of County Law § 215 requiring the sale or lease of such property only to the highest responsible bidder after public advertisement. Petitioner commenced this lawsuit by summons and verified complaint filed January 17, 2014, seeking a declaratory judgment or, in the alternative, a judgment pursuant to CPLR article 78 determining the transaction to be unlawful, voiding the transaction, and directing that respondents perform various actions consistent with that relief. Inasmuch as petitioner's challenge was directed at the legislative procedures by which the transaction was effectuated rather than the substance of the County's action, Supreme Court, inter alia, "convert[ed]" the declaratory judgment action into a CPLR article 78 proceeding, which is subject to the four-month statute of limitations set forth in CPLR 217 (*see* CPLR 103 [c]; *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 203; *P & N Tiffany Props., Inc. v Village of Tuckahoe*, 33

AD3d 61, 63-66, *appeal dismissed* 8 NY3d 943).  In light of the papers submitted in support of and in opposition to respondents' motions to dismiss, the court concluded that the parties were deliberately charting a summary judgment course and therefore deemed the motions as ones for summary judgment (*see Nowacki v Becker*, 71 AD3d 1496, 1497).  The court then granted respondents' motions on the ground that the proceeding was time-barred pursuant to CPLR 217 (1).  We affirm.

The County operated the subject property as a skilled nursing facility until 2008, when it was closed following the recommendation of a state commission that the County's certificate for operation be rescinded or revoked and that the facility be transitioned to the operation of a regional assisted living program.  The County Legislature unanimously adopted resolutions declaring that the property be sold or leased.  Despite 1½ years of advertising and marketing by a realtor, however, no purchase offers were received for the property.  In August 2011, the County retained a different realtor to advertise and market the property.  Subsequently, David Tosetto, on behalf of an entity that would eventually become Mount View, submitted an offer to purchase the property for $555,000.  On July 11, 2012, the County Legislature unanimously adopted a resolution approving the sale based on Tosetto's offer and authorizing the Chairman of the County Legislature to execute a sales contract.  The resolution stated that the County had negotiated in good faith with Tosetto "on behalf of an entity to be formed . . . for purposes of the sale of such buildings and grounds."  The resolution further stated that the purchase was contingent upon state approval of the buyer's application to operate an assisted living program, as well as completion by the buyer of a due diligence inspection period during which the terms of the contract could be further negotiated.  In addition, the resolution provided that, upon the County obtaining price quotes for asbestos abatement, either party could terminate the agreement within a specified period if all such price quotes exceeded a certain cost.  Thereafter, the County and Tosetto, acting on behalf of an entity to be formed for purposes of the transaction, i.e., Mount View, executed a purchase agreement.  On July 31, 2013, the Administration Committee of the County Legislature voted unanimously to support a resolution reducing the sale price of the property to $196,000 to reflect some of the costs associated with asbestos abatement and the handling of two underground storage tanks on the property.  Petitioner, a developer and owner of another health care facility, objected on the ground that reducing the sale price would constitute an unlawful formation of a new contract without first making the property available through a public bidding process.  Petitioner further stated that, subject to a review and investigation, it would be willing to pay the County at least $300,000 for the property.  The County Legislature subsequently withdrew its proposed resolution to reduce the sale price.  Notwithstanding petitioner's further assertions that the property should be subject to public advertisement with bids taken to determine the highest responsible bidder, the County completed the sale and conveyance of the property to Mount View on September 18, 2013, for $550,000.

Initially, we reject petitioner's contention that the court erred

in denying its cross motion for a default judgment inasmuch as respondents did not default but filed timely motions to dismiss in lieu of answering (see CPLR 7804 [c], [f]).  We further conclude that the court properly dismissed the proceeding as time-barred.  Contrary to petitioner's contention, "the limitations period 'was triggered on . . . the date on which the [County Legislature] adopted the resolution' [approving] the sale" (Riverview Dev. LLC v City of Oswego, 125 AD3d 1417, 1418; see Matter of Long Is. Pine Barrens Socy., Inc. v County of Suffolk, 55 AD3d 610, 612; Matter of Gach v City of Long Beach, 218 AD2d 801, 801).  "The 'determination to be reviewed' became final and binding on [petitioner] on [July 11, 2012] when the resolution went into effect" (Riverview Dev. LLC, 125 AD3d at 1418, quoting Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34, rearg denied 5 NY3d 824).  "It was at that juncture that the [County] 'reached a definitive position . . . that inflict[ed] actual, concrete injury . . . [that could not] be prevented or significantly ameliorated by further administrative action or by steps available to the complaining part[y]' " (Riverview Dev. LLC, 125 AD3d at 1419; see Best Payphones, Inc., 5 NY3d at 34; Long Is. Pine Barrens Socy., Inc., 55 AD3d at 612; Gach, 218 AD2d at 801-802).

Contrary to petitioner's further contention, we conclude that the contingent events and minor modifications in the terms of the contract did not detract from the finality of the resolution, which "clearly committ[ed] the County to a definite course of future action" (Matter of Price v County of Westchester, 225 AD2d 217, 220; see Matter of Young v Board of Trustees of Vil. of Blasdell, 221 AD2d 975, 977, affd 89 NY2d 846; Matter of Sierra Club v Power Auth. of State of N.Y., 203 AD2d 15, 16-17).  Unlike the cases relied upon by petitioner, there was no ambiguity here to render the impact of the resolution on petitioner as anything other than final and binding (cf. Matter of Jewish Mem. Hosp. v Whalen, 47 NY2d 331, 333; Berkshire Nursing Ctr., Inc. v Novello, 13 AD3d 327, 328; Sutton v Yates County, 193 AD2d 1126, 1126, lv denied 82 NY2d 656).  Further, the proposed resolution to reduce the sales price is inconsequential inasmuch as the proposal was withdrawn and never enacted (see generally Matter of Cabrini Med. Ctr. v Axelrod, 107 AD2d 965, 966-967), and it is irrelevant that Mount View, rather than Tosetto, was the eventual purchaser because the resolution expressly authorized the sale to an entity to be formed for the purpose of completing the transaction.

We thus conclude that the four-month statute of limitations period began to run when the County Legislature adopted the resolution on July 11, 2012, and inasmuch as petitioner commenced this proceeding on January 17, 2014, the court properly dismissed the proceeding as time-barred.

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court