[31 NYS3d 607]

In the Matter of Michael Masullo, Appellant, v City of Mount Vernon et al., Respondents.

Second Department, June 1, 2016

## APPEARANCES OF COUNSEL

*Bartlett, McDonough & Monaghan, LLP*, White Plains (*Patricia D'Alvia* and *Warren J. Roth* of counsel), for appellant.

*Coughlin & Gerhart, LLP*, Binghamton (*Paul J. Sweeney* and *Edward O. Sweeney* of counsel), for respondents.

**OPINION OF THE COURT**

LaSalle, J.

General Municipal Law § 207-a (2) guarantees the payment of benefits to a firefighter who is permanently disabled in the line of duty, including the continued payment of the firefighter's regular salary until the mandatory retirement age, less certain amounts received from other sources (hereinafter section 207-a [2] benefits). This proceeding presents an issue of first impression for this Court: whether the provisions of General Municipal Law § 207-a (2) authorize a municipality to terminate permanent disability retirement benefits previously awarded to a firefighter pursuant to that subdivision, and require the firefighter to submit a formal application for those benefits pursuant to an application procedure that was adopted by the municipality subsequent to the firefighter's retirement. We hold that a municipality is not authorized to terminate such previously awarded section 207-a (2) benefits or require the submission of a formal application for such benefits after the firefighter has retired, as this essentially amounts to an improper reconsideration of an award of benefits based on improved medical condition, a procedure which is not authorized by General Municipal Law § 207-a (2) (*see Matter of McGowan v Fairview Fire Dist.*, 51 AD3d 796 [2008]).

I. Facts

The petitioner was employed as a firefighter for the City of Mount Vernon Fire Department (hereinafter the fire department) beginning in January 1990. On November 16, 1991, the petitioner was on top of an aerial ladder attached to a ladder truck when the truck flipped on its side, and he fell from a height of about 60 feet. After a hospital stay of about one month, and approximately one year of working light duty, he returned to full duty as a firefighter. The City of Mount Vernon designated the petitioner as eligible to receive benefits pursuant to General Municipal Law § 207-a (1) (hereinafter section 207-a [1] benefits) for his temporary disability, and paid his full salary until he returned to full duty, as well as all of his medical bills in connection with the injuries he sustained in that accident. After another accident in 1996, the City again designated the petitioner as eligible to receive section 207-a (1) benefits, and paid all of his medical bills in connection with the

injuries he sustained in that accident. On August 19, 2000, the petitioner was again injured when a ceiling collapsed onto him while he was fighting a fire. That was his last day of work, as a firefighter or otherwise. Shortly thereafter, the petitioner again began receiving section 207-a (1) benefits, including payment of medical bills in connection with the injuries that he sustained in connection with that incident.

In April 2004, the New York State Comptroller awarded the petitioner both an accidental disability retirement allowance pursuant to Retirement and Social Security Law § 363, and a performance-of-duty disability retirement allowance pursuant to Retirement and Social Security Law § 363-c. The petitioner simultaneously retired from the fire department and, in accordance with General Municipal Law § 207-a (2), the City commenced paying the petitioner section 207-a (2) benefits, consisting of the difference between his regular salary and those allowances, despite the fact that, as of April 2004, the City had not adopted an application procedure for firefighters to request and receive section 207-a (2) benefits.

An application procedure was adopted and implemented sometime after the petitioner's retirement. The petitioner nonetheless continued to receive section 207-a (2) benefits from the City through 2008. On February 21, 2008, Deputy Fire Commissioner Deborah Norman advised the petitioner by letter that the City had recently reviewed his eligibility to receive section 207-a (2) benefits and determined that there was no record that he had ever requested or applied for those benefits. Norman further advised the petitioner that, "in the absence of a request or application for [section] 207-a (2) benefits," she had determined that the petitioner had been erroneously paid these benefits up to that date. She directed the City to immediately cease paying the petitioner section 207-a (2) benefits, and included an application form with the letter should the petitioner wish to apply for those benefits.

On February 29, 2008, the petitioner's attorney wrote to the City and fire department and expressed his view that the petitioner was entitled to continue receiving section 207-a (2) benefits. Counsel maintained that by paying the petitioner these benefits for more than four years, the City had made a de facto determination that the petitioner was entitled to receive section 207-a (2) benefits and, in effect, had concluded that the petitioner became permanently disabled as a consequence of his several on-duty accidents. Thereafter, on March

12, 2008, the City agreed to resume paying section 207-a (2) benefits to the petitioner, but only on the condition that he submit an application in full compliance with the recently implemented application process. The petitioner completed an application and, on July 14, 2008, he submitted to an independent medical examination. The doctor who conducted the examination did not find any pathology that would represent a causally related disability, and determined that there was nothing which would prevent the petitioner from returning to full-duty status.

On October 2, 2008, the fire department notified the petitioner that his application for section 207-a (2) benefits had been denied based on the doctor's report and the City's determination that any current injury or disability that the petitioner may have had was not incurred during the performance of his duties, and that he was not permanently disabled from carrying out his full duties as a result of a causally related injury or disability. The petitioner requested a hearing and a redetermination of the fire department's determination. On February 13, 2009, the City terminated payments of the petitioner's section 207-a (2) benefits. After a hearing that concluded in October 2011, a hearing officer appointed by the City issued a decision dated August 16, 2012, recommending that the denial of the petitioner's application for section 207-a (2) benefits be upheld. Thereafter, Fire Commissioner James D. Gleason (hereinafter the Commissioner) issued a final determination dated September 17, 2012, accepting the hearing officer's recommendation. The petitioner then commenced this CPLR article 78 proceeding against the City and the Fire Department (hereinafter together the City), seeking to review the determinations of the hearing officer and the Commissioner. The petitioner alleged, inter alia, that the City lacked authority to terminate his previously awarded section 207-a (2) benefits and that, in any event, the determinations were not supported by substantial evidence.

In an order dated May 13, 2013, the Supreme Court concluded that the City had the authority to terminate the petitioner's benefits because it was engaged in an initial eligibility determination, and not a redetermination of eligibility based on the petitioner's allegedly improved medical condition. In support of this conclusion, the court reasoned that the City had never made a conscious initial decision to make benefit payments to the petitioner, as it had made no finding of

eligibility prior to the commencement of payments. The court held that in the absence of an application by the petitioner, any payments that were made to him were made in error, and that the erroneous payments made by the City could not be viewed as constituting a determination that was binding upon it. The court found that, "under these highly unusual circumstances," the City was entitled to conduct a review process to determine the petitioner's initial eligibility for section 207-a (2) benefits. Accordingly, the court determined, in essence, that the petitioner was obligated to submit an application for benefits in the manner prescribed by the City, and that the eligibility review process imposed by the City was not improper. Finally, the court determined that the remaining issues concerned questions of whether the determinations were supported by substantial evidence, and thus, transferred those issues to this Court pursuant to CPLR 7804 (g).

The petitioner appeals from so much of the order as determined that he was obligated to submit the application in the manner prescribed by the City and that the eligibility review process imposed by the City was not improper. Initially, we note that the appeal from this portion of the order must be dismissed on the ground that no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (*see* CPLR 5701 [b] [1]). Although we may grant leave to appeal, it is unnecessary to do so because the portion of the order appealed from may be properly reviewed upon the transfer of the substantial evidence question to this Court (*see* CPLR 7804 [g]; *Matter of Desmone v Blum*, 99 AD2d 170, 176-177 [1984]). Here, since the petition raised a substantial evidence question, and the remaining points raised by the petitioner that were determined by the Supreme Court were not objections that could have terminated the proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the entire proceeding to this Court (*see Matter of Garvey v Sullivan*, 129 AD3d 1078, 1081 [2015]; *Matter of Gonzalez v Mulligan*, 45 AD3d 841, 842 [2007]; *Matter of Sureway Towing, Inc. v Martinez*, 8 AD3d 490 [2004]). Accordingly, we vacate that portion of the order which determined that the petitioner was obligated to submit the application in the manner prescribed by the City and that the eligibility review process imposed by the City was not improper, dismiss the appeal therefrom, and consider de novo all of the issues raised in the petition.

## II. General Municipal Law § 207-a

General Municipal Law § 207-a addresses the payment of salary and expenses of firefighters with injuries or illnesses incurred in the performance of their duties. "[T]he right of a disabled firefighter to receive General Municipal Law § 207-a disability payments is a property interest giving rise to procedural due process protection, under the Fourteenth Amendment, before those payments are terminated" (*Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 691 [2000]). The benefits afforded firefighters pursuant to this section are remedial in nature and, thus, the statute is to be liberally construed in their favor (*see Matter of Klonowski v Department of Fire of City of Auburn*, 58 NY2d 398, 403 [1983]; *Matter of McGowan v Fairview Fire Dist.*, 51 AD3d at 798).

General Municipal Law § 207-a (2) provides, in relevant part, that

> "[p]ayment of the full amount of regular salary or wages, as provided by subdivision one of this section, shall be discontinued with respect to any fireman who is permanently disabled as a result of an injury or sickness incurred or resulting from the performance of his duties if such fireman is granted an accidental disability retirement allowance pursuant to section three hundred sixty-three of the retirement and social security law, a retirement for disability incurred in performance of duty allowance pursuant to section three hundred sixty-three-c of the retirement and social security law or similar accidental disability pension provided by the pension fund of which he is a member; provided, however, that in any such case such fireman shall continue to receive from the municipality or fire district by which he is employed, until such time as he shall have attained the mandatory service retirement age applicable to him or shall have attained the age or performed the period of service specified by applicable law for the termination of his service, the difference between the amounts received under such allowance or pension and the amount of his regular salary or wages. Any payment made by a municipal corporation or fire district pursuant to the provisions of this subdivi-

sion shall be deemed to have been made for a valid and lawful public purpose."

Here, the petitioner's hearing testimony and documentary evidence established that the petitioner began receiving section 207-a (2) benefits after he was awarded retirement disability allowances in April 2004, and that the section 207-a (2) benefit payments continued each year after his retirement until February 13, 2009. The petitioner further testified that he was never notified at the time of his retirement that he needed to submit an application to the City to receive section 207-a (2) benefits, and that no part of the contract governing his employment with the City required that he complete or submit an application to receive section 207-a (2) benefits. The record also established that, by letter dated February 21, 2008, Deputy Fire Commissioner Deborah Norman advised the petitioner that the City had only recently reviewed his eligibility to receive these benefits, and had determined that there was no record of him having applied for the benefits. Norman determined that "in the absence of a request or application for [section] 207-a (2) benefits," the petitioner had been erroneously paid these benefits, and directed the City to cease all future payments to him.

▪ Absent from the record, however, is any proof to support the City's allegation that the petitioner's section 207-a (2) benefits were indeed paid in error. There is no evidence in the record that at the time the petitioner was awarded his retirement disability benefits, which included the section 207-a (2) benefits, there were any application processes or procedures in place for a firefighter to receive section 207-a (2) benefits. There is no proof to support the City's suggestion that, had the petitioner submitted some formal application for those benefits in 2004, the application would have been denied at that time. The plain language of the statute provides that "[a]ny payment made by a municipal corporation or fire district pursuant to the provisions of this subdivision shall be deemed to have been made for a valid and lawful public purpose" (General Municipal Law § 207-a [2]) and, here, the record demonstrates that the petitioner was paid these benefits for more than four years. Accordingly, absent any evidence that the payments were actually erroneously made, the City's payment of benefits to the petitioner demonstrated that he was found eligible for the benefit payment.

In *Matter of McGowan v Fairview Fire Dist.* (51 AD3d 796 [2008]), we addressed the question of whether a fire district

was authorized to review a firefighter's medical condition for the purpose of determining whether it had improved to such an extent that the firefighter was no longer entitled to supplemental benefits pursuant to General Municipal Law § 207-a (2). We held that, because there was an express provision in General Municipal Law § 207-a (1) that authorized municipalities to terminate benefits paid under that subsection upon a finding of improved medical condition, the absence of a similar provision in General Municipal Law § 207-a (2) supported the conclusion that the legislature did not intend to authorize municipalities to terminate benefits paid under that subdivision on the basis of improved medical condition. Accordingly, the fire district in *McGowan* was without authority to terminate the firefighter's section 207-a (2) benefits on that basis.

In applying these principles to the facts of this case, we conclude that the City was without authority to require the petitioner to submit to the application and eligibility processes adopted by the City subsequent to the petitioner's retirement, and after the City had already paid the petitioner his section 207-a (2) benefits for over four years. In doing so, the City essentially was reviewing the petitioner's medical condition for the purpose of determining whether it had improved since the time he first began receiving those benefits. Moreover, the City's subsequent final determination dated September 17, 2012, denying the petitioner's application for section 207-a (2) benefits can only be viewed as a determination based on the petitioner's improved medical condition, which we have previously determined is not allowed in the context of those benefits (*see Matter of McGowan v Fairview Fire Dist.*, 51 AD3d 796 [2008]).

The City's contention that it was engaged in an initial eligibility determination, and not a redetermination, is without merit. The record is devoid of any evidence that at the time the petitioner retired on disability, any application process or procedure existed to determine his eligibility to receive section 207-a (2) benefits. The petitioner received his disability retirement allowances under the Retirement and Social Security Law and retired from the fire department, and the City thereafter unilaterally began paying the petitioner the difference between his regular salary and his disability retirement allowances, in accordance with General Municipal Law § 207-a (2), and continued to do so for over four years. Under these

specific facts, the City was without authority to require the petitioner to submit to the newly formulated application procedure, and thereafter terminate his section 207-a (2) benefits.

In light of our determination, the parties' remaining contentions either have been rendered academic or are otherwise without merit.

Accordingly, the appeal is dismissed, as no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (*see* CPLR 5701 [b] [1]), and we decline to grant leave to appeal in light of our determination herein, so much of the order as determined that the petitioner was obligated to submit an application for benefits pursuant to General Municipal Law § 207-a (2) in the manner prescribed by the City of Mount Vernon and City of Mount Vernon Fire Department, and that the eligibility review process imposed by the City of Mount Vernon and City of Mount Vernon Fire Department was not improper, is vacated, the petition is granted, on the law, the determination is annulled, and the matter is remitted to the Supreme Court, Westchester County, for the purpose of directing the City of Mount Vernon to reinstate the petitioner's benefits pursuant to General Municipal Law § 207-a (2), to calculate the amount due and owing to the petitioner retroactive to February 13, 2009, plus statutory interest, and for the entry of an appropriate money judgment thereafter.

MASTRO, J.P., CHAMBERS and ROMAN, JJ., concur.

Ordered that the appeal is dismissed, as no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (*see* CPLR 5701 [b] [1]), and we decline to grant leave to appeal in light of our determination herein; and it is further,

Ordered that so much of the order as determined that the petitioner was obligated to submit an application for benefits pursuant to General Municipal Law § 207-a (2) in the manner prescribed by the City of Mount Vernon and City of Mount Vernon Fire Department, and that the eligibility review process imposed by the City of Mount Vernon and City of Mount Vernon Fire Department was not improper, is vacated; and it is further,

Adjudged that the petition is granted, on the law, the determination is annulled, and the matter is remitted to the Supreme Court, Westchester County, for the purpose of direct-

ing the City of Mount Vernon to reinstate the petitioner's benefits pursuant to General Municipal Law § 207-a (2), to calculate the amount due and owing to the petitioner retroactive to February 13, 2009, plus statutory interest, and for the entry of an appropriate money judgment thereafter; and it is further,

Ordered that one bill of costs is awarded to the petitioner.