■ In the Matter of JUDITH STEVENS, Petitioner, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Health, dated July 31, 1989, which, after a hearing, denied the petitioner's request to expunge from her record a report of patient abuse.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Essentially, the petitioner's contention is that the testimony of the sole eyewitness to the alleged patient abuse is incredible. " '[W]here there is a conflict in the testimony produced * * * where reasonable [minds] might differ as to whether the testimony of one witness should be accepted or the testimony of another be rejected, where from the evidence either of two conflicting inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists' " *(Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444; *Matter of Stork Rest. v Boland,* 282 NY 256, 267).

At bar, the testimony of the petitioner at the hearing starkly contrasted with that of the sole eyewitness with respect to what actually transpired in the patient's room on the evening of the alleged incident. Under those circumstances, the weight given to the testimony, and the choices made, are

matters for the Commissioner "and are not germane upon an analysis for the presence of substantial evidence" *(Matter of Hoover v Waters,* 119 AD2d 575, 576). That the petitioner's personnel evaluations indicated she consistently advocated patient's rights and that she was a very good nurse's aide does not compel a contrary result *(see, Matter of Berenhaus v Ward, supra).* Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.