■ In the Matter of JEAN HARRISON, Petitioner, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Respondents. [599 NYS2d 96] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Health, dated September 6, 1989, which, after a hearing, sustained the charges of patient neglect against the petitioner, and imposed a fine.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Initially, we note that contrary to the Commissioner's contention, personal jursidiction over the agency was acquired prior to the expiration of the Statute of Limitations when the petitioner timely effected service in the time and manner specified by the Supreme Court in its order to show cause *(see,* CPLR 7804 [c]; *cf., Matter of Bell v State Univ.,* 185 AD2d 925; *Matter of Bogle v Coughlin,* 165 AD2d 972).

However, we find that the Commissioner's determination that the petitioner committed patient neglect was supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of D'Agostino v New York State Dept. of Health,* 138 AD2d 704; Public Health Law § 2803-d). The evidence presented at the administrative hearing demonstrates that on seven occasions in 1984, the petitioner, while employed as a nurse by the Long Beach Grandell Nursing Home, administered incorrect dosages of the psychotropic drug Haldol to a patient. Although the patient's physician had prescribed 0.5 milligram dosages of Haldol, the patient's Medication Administration Records revealed that the petitioner actually administered 5 milligram dosages of the drug. In addition, a New York State Department of Health investigator testified that the petitioner admitted administer-

ing the erroneous dosages of Haldol, and admitted that she was aware of the nursing home's medication administration policy, which she breached by failing to check the dosage supplied by the pharmacy against the dosage ordered by the patient's doctor. While the petitioner denied making these admissions to the investigator, it is well settled that the duty of weighing the evidence and resolving conflicting testimony rests solely with the administrative agency, and that the courts may not weigh the evidence or reject the choice made by the agency "where the evidence is conflicting and room for choice exists" (*Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444; *Matter of Stevens v Axelrod,* 180 AD2d 742; *Matter of Fazzone v Adduci,* 155 AD2d 540, 541). Balletta, J. P., Eiber, O'Brien and Santucci, JJ., concur.