■ In the Matter of MURDINA THOMAS, Petitioner, v BARBARA A. DEBUONO, as Commissioner of New York State Department of Health, et al., Respondents. [656 NYS2d 943] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Health, dated March 23, 1995, which, after a hearing, sustained the charges that the petitioner had committed patient abuse and imposed a penalty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, the determination of the Commissioner of the New York State Department of Health (hereinafter the Commissioner) should not be annulled because it was based on the testimony of one eyewitness whose credibility the petitioner claims is "in issue". "[I]t is well settled that the duty of weighing the evidence and resolving conflicting testimony rests solely with the administrative agency, and that the courts may not weigh the evidence or reject the choice made by the agency 'where the evidence is conflicting and room for choice exists' " (*Matter of Harrison v Axelrod,* 194 AD2d 672, 673, quoting *Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444; *see also, Matter of Stevens v Axelrod,* 180 AD2d 742). In any event, there was nothing in the record which would place the Commissioner's credibility determination in doubt. The Commissioner's determination that the petitioner committed patient abuse was supported by substantial evidence (*see, e.g., Matter of Harrison v Axelrod, supra,* at 673).

The petitioner's remaining contentions are without merit. Bracken, J. P., Friedmann, Florio and McGinity, JJ., concur.