In the Matter of DAVID RAGIN, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Appellant. [797 NYS2d 133]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Employees' Retirement System dated February 7, 2003, which confirmed an earlier determination dated January 9, 2003, denying the petitioner's application for early retirement benefits, the appeal is from a judgment of the Supreme Court, Kings County (Bayne, J.), dated June 30, 2004, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The New York City Employees' Retirement System (hereinafter the NYCERS) determined that the petitioner had not filed

his application for early retirement on or before the applicable December 16, 2002, deadline. This determination was based on all of the indications that the NYCERS had available from its own computerized business records. The submissions by the NYCERS establish that, if the petitioner had, in fact, filed an application on November 1, 2002, as he claims in his petition, a receipt should have been given to him, a notation should have appeared in the computerized record of the transactions that took place on that date, and a copy of the application itself would have been retained by the NYCERS. There is no documentary evidence to support the petitioner's assertion that he did, in fact, present an application to a NYCERS representative on November 1, 2002.

The NYCERS has no obligation to abandon reliance on its own records out of deference to the petitioner's undocumented allegations. Even assuming, without deciding, that the business records annexed to the verified answer of the NYCERS would not constitute admissible evidence in a court proceeding or trial (*see* CPLR 4518 [a]), the fact remains that the NYCERS may rely on official records that might not be admissible in court under ordinary rules of evidence (*see* State Administrative Procedure Act § 306 [1]; *Matter of Swick v New York State & Local Employees' Retirement Sys.*, 213 AD2d 934 [1995]). The petitioner failed to make a clear showing that the determination of the NYCERS was based entirely on a ground that "as [a] matter of law may not control the discretion" (*Matter of Larkin Co. v Schwab*, 242 NY 330, 335 [1926]; *Matter of Poster v Strough*, 299 AD2d 127, 141 [2002]).

In sum, the determination under review was not arbitrary, capricious, or irrational (*see* CPLR 7803 [3]; *Matter of Poster v Strough, supra*). H. Miller, J.P., Santucci, Mastro and Skelos, JJ., concur.