■ In the Matter of MARIE JEAN-LOUIS, Petitioner, v RICHARD F. DAINES, M.D., Commissioner of Health, State of New York, Respondent. [933 NYS2d 898]—

In this CPLR article 78 proceeding, the petitioner, a certified nurse's aide (hereinafter CNA), challenges the respondent's determination sustaining two charges of patient neglect against her (*see* Public Health Law § 2803-d).

Substantial evidence in the record supports the respondent's determination that the charges were substantiated by a fair preponderance of the evidence presented at the hearing (*see Matter of Miller v DeBuono*, 90 NY2d 783, 794 [1997]). The Department of Health (hereinafter DOH) presented evidence that the patient who the petitioner was charged with neglecting had reported to a staff member and a DOH investigator that the petitioner had transferred her from a bed to a shower chair "with some force," and without assistance or a mechanical lift in violation of the care plan for the patient requiring two people

and a mechanical lift to transfer the patient. The DOH also presented evidence that later that evening, the patient, who suffered from severe osteoporosis, began to feel pain in her leg, which was subsequently diagnosed as a nondisplaced fracture of the right femur. Additionally, the DOH presented evidence that on the same evening, the petitioner had transferred the patient from the shower chair to the bed with assistance, but not with a mechanical lift, again in violation of the care plan for the patient. Jillian Bryan, the CNA assigned to assist the petitioner in transferring the patient, indicated that she did not arrive at the patient's room until the patient was already in the shower chair and that she did not assist in any transfers. The testimony of the petitioner that she was not required to use a mechanical lift because the facility was rushing to get the patients into the shower due to an outbreak of an infectious disease at the facility, and that Bryan assisted her in transferring the patient into the shower chair, raised an issue of credibility that the respondent was entitled to resolve against the petitioner (*see Matter of Sylvia v Novello*, 309 AD2d 1190 [2003]; *Matter of King v New York State Dept. of Health*, 295 AD2d 743 [2002]). Contrary to the petitioner's contention, the evidence in the record, including the petitioner's typewritten statement admitting that she had already transferred the patient to the shower chair when Bryan arrived, was sufficiently relevant and probative to provide substantial evidence to support the respondent's determination (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see also Matter of Miller v DeBuono*, 90 NY2d at 794). Florio, J.P., Balkin, Belen and Chambers, JJ., concur.