■ In the Matter of ANN MARIE WALKER, Petitioner, v HOWARD A. ZUCKER, as Acting Commissioner of Health of the State of New York, et al., Respondents. [44 NYS3d 539]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Howard A. Zucker, as Acting Commissioner of Health of the State of New York, dated April 27, 2015,

which adopted the findings and recommendations of an Administrative Law Judge, made after a hearing, and sustained a charge of patient abuse against the petitioner.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

On November 8, 2011, the petitioner, a certified nursing assistant at Holliswood Care Center, was observed on a surveillance video using excessive force with a resident patient, and the petitioner's employment was terminated. Thereafter, the petitioner was charged by the respondent New York State Department of Health (hereinafter the DOH) with patient abuse, as defined under 10 NYCRR 81.1, in violation of Public Health Law § 2803-d. Following a hearing, an Administrative Law Judge (hereinafter the ALJ) determined that the DOH demonstrated by a fair preponderance of the evidence that the petitioner "roughly handled the resident and used excessive force that could likely have caused harm to the resident" in violation of Public Health Law § 2803-d. In a determination dated April 27, 2015, the respondent Howard A. Zucker, as Acting Commissioner of Health of the State of New York (hereinafter the Commissioner), adopted the ALJ's findings and recommendations and sustained the charge of patient abuse. The petitioner commenced this proceeding pursuant to CPLR article 78 to challenge the Commissioner's determination.

The petitioner's contention that the DOH did not lay a proper foundation for the admission of the video surveillance footage depicting the incident between the petitioner and the patient is without merit. The strict rules of evidence do not apply to administrative hearings, and the ALJ providently exercised her discretion in admitting the video footage into evidence (*see* State Administrative Procedure Act § 306 [1]; *see generally Matter of Bargellini v New York State Dept. of Health*, 129 AD3d 1226, 1228 [2015]; *Matter of Willis v New York State Liq. Auth.*, 118 AD3d 1013, 1014 [2014]; *Matter of Mo's Carting Corp. v Martinez*, 28 AD3d 560, 561 [2006]; *Matter of Ragin v New York City Employees' Retirement Sys.*, 19 AD3d 603, 604 [2005]; *Matter of King v New York State Dept. of Health*, 295 AD2d 743, 744 [2002]).

Contrary to the petitioner's contention, substantial evidence in the record supports the Commissioner's determination that the charge of patient abuse was substantiated by a fair preponderance of the evidence presented at the hearing (*see Matter of Miller v DeBuono*, 90 NY2d 783 [1997]; *Matter of Jean-Louis v Daines*, 90 AD3d 660, 660-661 [2011]; *Matter of*

*Sylvia v Novello*, 309 AD2d 1190, 1191 [2003]; *Matter of Thomas v DeBuono*, 238 AD2d 345 [1997]).

The petitioner's remaining contentions are without merit. Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.