Matter of Darre v Zucker (2023 NY Slip Op 01090)

Matter of Darre v Zucker

2023 NY Slip Op 01090

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2020-00390
 (Index No. 5520/19)

[*1]In the Matter of Melanie Darre, petitioner,
v
Howard Zucker, etc., respondent.

Nassau/Suffolk Law Services, Islandia, NY (Darlene Rosch of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Eric R. Haren of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review so much of a determination of the Commissioner of the New York State Department of Health dated July 15, 2019, as rejected the recommendation of an administrative law judge, made after a hearing, to dismiss a charge of patient abuse against the petitioner, sustained that charge, and directed that the findings related to that charge be reported to the nursing home Nurse Aide Registry.
ADJUDGED that the determination is confirmed insofar as reviewed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In October 2018, the petitioner, a certified nurse aide, was charged, inter alia, with patient abuse as defined in 10 NYCRR 81.1, in violation of Public Health Law § 2803-d. The petitioner was accused of slapping an agitated and cognitively impaired resident at Apex Rehabilitation & Care Center on February 6, 2016. Following a hearing at which several eyewitnesses testified, an administrative law judge (hereinafter the ALJ) issued a report, among other things, finding that a fair preponderance of the evidence did not establish that the petitioner abused the resident as alleged and recommending dismissal of the patient abuse charge. In a determination dated July 15, 2019, the Commissioner of the New York State Department of Health (hereinafter the Commissioner), inter alia, rejected the ALJ's recommendation to dismiss the patient abuse charge, sustained that charge, and directed that the findings related to that charge be reported to the nursing home Nurse Aide Registry. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review that portion of the Commissioner's determination. In an order dated January 2, 2020, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
Although a hearing officer's findings are entitled to great weight, they may be overturned by an administrative authority, provided that the final determination is supported by substantial evidence (see Matter of Redmond v Town of Haverstraw, 174 AD3d 719; Matter of Nieto v DeBuono, 231 AD2d 573). Here, contrary to the petitioner's contention, substantial evidence in the record supports the Commissioner's determination that the charge of patient abuse was substantiated by a fair preponderance of the evidence presented at the hearing (see Matter of Wallker v Zucker, 146 AD3d 789; cf. Matter of Stevens v Axelrod, 162 AD2d 1025).
The petitioner's remaining contentions are either not properly before this Court or without merit.
DUFFY, J.P., MALTESE, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court