Matter of Alcindor v Zucker (2023 NY Slip Op 04117)

Matter of Alcindor v Zucker

2023 NY Slip Op 04117

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-04223
 (Index No. 66998/19)

[*1]In the Matter of Marie Alcindor, petitioner,
v
Howard A. Zucker, etc., et al., respondents.

David P. Turchi, Esq., P.C., New York, NY, for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Amit R. Vora of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent Howard A. Zucker, Commissioner of Health of the State of New York, dated October 2, 2019. The determination adopted the findings and recommendation of an Administrative Law Judge dated January 23, 2019, made after a hearing, and sustained charges of patient abuse and neglect against the petitioner.
ADJUDGED that the determination dated October 2, 2019, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner, a certified nurse's aid at United Hebrew Geriatric Center, was observed on a surveillance video force-feeding a patient in a rushed and rough manner. Thereafter, the petitioner was charged by the respondent New York State Department of Health (hereinafter the DOH) with patient abuse and neglect, as defined under 10 NYCRR 81.1(a) and (c), respectively, in violation of Public Health Law § 2803-d. Following a hearing, an Administrative Law Judge (hereinafter the ALJ) determined that the DOH demonstrated by a fair preponderance of the evidence that the petitioner abused and neglected the subject patient. With regard to neglect, the ALJ found that the evidence established that the petitioner had engaged in conduct constituting neglect of the patient "when she fed [her] forcefully, overfilling a large spoon, pushing the contents into [her] mouth and re-scooping the food that fell onto [her] face and chin." The ALJ explained that the patient's "care plan specifies that [she] should be fed slowly, with small amounts of food on the spoon, allowing [her] to chew and swallow between bites," as she had dysphagia and there was a risk of choking. Finding that "[t]he manner of feeding was neither safe nor adequate care," the ALJ concluded that the record supports the DOH's finding that the petitioner neglected the patient as she "failed to provide consistent, safe, adequate, and appropriate care to [the patient] while feeding her." With regard to abuse, the ALJ found that the evidence established, inter alia, that, while feeding the patient, the petitioner forced the patient's head "back and up," while the care plan states her head should be "gently tilted up." The ALJ concluded that the record supports the DOH's finding that the petitioner abused the patient, as the petitioner engaged in "inappropriate physical contact with [her], that was likely to cause harm."
In a determination dated October 2, 2019, the respondent Howard A. Zucker, the [*2]Commissioner of Health of the State of New York, adopted the ALJ's findings and recommendations and sustained the charges of patient abuse and neglect. The petitioner commenced this CPLR article 78 proceeding to challenge the Commissioner's determination.
Contrary to the petitioner's contention, the ALJ providently exercised her discretion in admitting into evidence the surveillance video footage (see Matter of Walker v Zucker, 146 AD3d 789, 790). Furthermore, substantial evidence in the record supports the Commissioner's determination that the charges were substantiated by a fair preponderance of the evidence presented at the hearing (see Matter of Miller v DeBuono, 90 NY2d 783, 794; Matter of Walker v Zucker, 146 AD3d at 790). The DOH's evidence showed the petitioner feeding the patient heaping spoonfuls of food at a rapid pace and in an extremely rough manner, not allowing the patient sufficient time to swallow. Even the petitioner, herself, testified that she fed the patient at a rapid pace and that she should have been "more gentle." Moreover, the evidence showed that the petitioner's actions put the patient at risk (see 10 NYCRR 81.1[a], [c])
Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding on the merits.
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court